**PARROTT et al. v. COMMISSIONER OF INTERNAL REVENUE.**

Circuit Court of Appeals, Ninth Circuit.
February 4, 1929.

No. 5310.

Knight, Boland & Christin and J. W. Radil, all of San Francisco, Cal., for plaintiffs in error.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Edwin G. Davis, Sp. Asst. Attys. Gen. (C. M. Charest, Gen.

Counsel, and L. W. Scott, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant in error.

Before GILBERT and DIETRICH, Circuit Judges, and NORCROSS, District Judge.

GILBERT, Circuit Judge. The appellants' testatrix, Mary Emilie Parrott, was a resident of California at the time of her death on March 1, 1922. She owned an undivided one-half interest in certain real estate in San Francisco, the value of which interest was computed in her gross estate at $315,750. Her interest at the time of her death was subject to a mortgage of $260,000, given on December 30, 1920, to secure a note and mortgage of that date. The note was the joint and several obligation of said testatrix and Joseph A. Donohoe, her brother. In the return filed by the executors, the $260,000 indebtedness was claimed as a deduction from the gross estate.

The Board of Tax Appeals allowed it as a deduction, but held that one-half thereof should be included in the gross estate, since it constituted a valid claim against the decedent's brother, holding that, notwithstanding that the obligation was joint and several and the estate of the testatrix was liable for the payment of the whole sum, and the mortgagee might elect to file its claim against her estate and proceed against it and not against her brother, yet the executors, on paying the mortgage, would be subrogated to the rights of the mortgagee, and could immediately proceed against Joseph A. Donohoe for reimbursement to the extent of one-half of said liability, and it concluded that such claim for reimbursement was an asset of the estate of the testatrix, and was of the value of $130,000, and collectible. The statute (26 USCA § 1094) provides: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—(a) to the extent of the interest therein of the decedent at the time of his death."

The question here presented rests upon principles so simple and fundamental that its solution requires no elaborate discussion. The estate of the testatrix was subject to the payment of a mortgage. Her brother was jointly liable for the payment of the same mortgage. Looking through the form of that instrument to the substance of the obligation created thereby, the makers thereof, as between themselves, were each liable only for the payment of one-half of the mortgage debt, for the property of each was sufficient for the payment of that half, and, if either were required to pay more than one-half, the excess so paid was recoverable from the other. Such was the nature of the obligation created between the makers of the instrument at the time when it was executed. Clearly, for taxation purposes under the Revenue Act, but one-half of the total mortgage debt was deductible in arriving at the amount of the tax upon the estate of the testatrix. It is no answer to this to say that, since the testatrix had not paid the entire obligation in her lifetime, no liability on the part of her brother to reimburse her existed at the time of her death, which could be said to be property to be included in her gross estate. At the time of the death of the testatrix her brother was under contractual obligation to her to pay his half of the debt, and to repay to her any sum that she might pay in excess of one-half of the amount of their joint debt, and that obligation existed from the date of the execution of the note and mortgage and was property. Rice v. Southgate, 16 Gray (82 Mass.) 142; Griffin v. Long, 96 Ark. 268, 131 S. W. 672, 35 L. R. A. (N. S.) 855, Ann. Cas. 1912B, 622; Norris v. Churchill, 20 Ind. App. 668, 51 N. E. 104.

A second question concerns the ruling of the board upon the claim of deduction from the gross estate of $120,267.54, personal property which had formerly belonged to the husband of the testatrix, who died January 2, 1918, and bequeathed the same to his son. Edmund A. Parrott, who died intestate on September 26, 1918, while in the service of the United States Army, without having received actual distribution from the administration of his father's estate, which property, under the laws of succession of the state of California, passed to the testatrix, the mother of said Edmund A. Parrott. It was the contention of the appellants that the deduction so claimed was allowable because the deaths of John Parrott and the testatrix were within five years of one another, that the estate of John Parrott paid the tax, that the property on which it was paid passed to Edmund by his father's will, that upon the death of Edmund, which occurred between the death of his father and the death of his mother, the property became part of his mother's estate, and was exempt from tax under the Federal Estate Tax Law, that Edmund died by reason of having been killed in action in the service of the United States, and that the property was exempt

from such tax as the property of the testatrix when she died, for the reason that within five years of her death the tax had been paid when her husband died.

26 USCA § 1095, exempts from the gross estate tax an amount equal to the value at the time of the decedent's death of any property which can be identified as having been received by him by gift, devise, or inheritance as a share in the estate of any person who died within five years prior to the death of the decedent, or which can be identified as having been acquired by the decedent in exchange for property so received, provided that the property must have formed a part of the gross estate of the prior decedent and that an estate tax must have been paid on that estate. John Parrott bequeathed the property to Edmund, his son. Under the law of California, both the real and personal estate vested in Edmund, subject to the lien of the administrator. In re Yorba's Estate, 176 Cal. 166, 167 P. 854. Edmund Parrott died intestate, and his property passed to his mother. He therefore is the "prior decedent" referred to in section 1095, and, his estate having paid no federal estate tax, the estate of the testatrix here is not brought within the statutory exemption embraced in that section.

In support of their contention that the property which came to the testatrix by inheritance from Edmund should be deemed to have come to her by inheritance from her husband, and that by fair intendment the meaning of the statute is complied with by holding that the Edmund estate was received by the testatrix by inheritance from John Parrott, and that it was not the purpose of the law to subject the same property more than once to an inheritance tax within a period of five years, reference is made to the report of the Ways and Means Committee on the passage of the Revenue Act of 1918 (40 Stat. 1057) as indicating the purpose to grant an interval of five years in which the deduction might be made; but section 1095, which controls decision here, differs essentially from the act of 1918. In plain and unambiguous terms it makes provision for exemption from tax of but one estate, and that is the estate of the "prior decedent." The prior decedent here was Edmund, and no estate tax was paid on his estate.

■ Statutes exempting from taxation are to be strictly construed in favor of the government. Bank of Commerce v. Tennessee, 161 U. S. 134, 146, 16 S. Ct. 456, 40 L. Ed. 645.

The judgment is affirmed.