## DU VAL'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11046.

Circuit Court of Appeals, Ninth Circuit.

Nov. 24, 1945.

Rehearing Denied Dec. 26, 1945.

M. W. Dobrzensky and James H. Anglim, both of Oakland, Cal., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, and Leonard Sarner, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, MATHEWS, and ORR, Circuit Judges.

ORR, Circuit Judge.

This is a petition by the executors of the last will and testament of Ethel M. DuVal, deceased, for review of a decision of the Tax Court of the United States sustaining the action of the Commissioner of Internal Revenue holding a deficiency existed in the federal estate tax paid by petitioners on the said estate.

On August 17, 1937, the M. K. Blake Estate Company, secured a loan from the Bank of America National Trust & Savings Association of Oakland, California, in the sum of $162,000, evidenced by the company's promissory note of the same date and secured by a deed of trust executed the same day. At the same time, and at the bank's request, the decedent, Ethel M. DuVal, and her sister, Mary J. Robinson, endorsed the Note.

On November 2, 1941, the said M. K. Blake Estate Company, borrowed an additional $20,000, giving its promissory note

therefor which was also secured by a deed of trust endorsed by the decedent and her sister. The sisters, by their endorsements, became primarily liable to pay the debt. Mrs. DuVal died April 9, 1942.

At the time of the decedent's death the unpaid balance of the principal of the two notes was $175,000. After the decedent's death the bank presented its claim for $175,000 against her estate. Said claim was allowed by the executors and probate court for the full amount. The executors of decedent's will claimed a deduction of the $175,000 in the federal estate tax return as a debt against the decedent.

The questions presented are:

May the amount of decedent's asserted liability be deducted from the value of the gross estate under Section 812(b) (3) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 812(b) (3), and, if so, should the value of decedent's rights over against the corporate maker and co-guarantor be included in the gross estate under Section 811 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 811?

If rights over existed in favor of deceased at the time of her death the questions must be answered in the affirmative.[1]

■ Petitioners contend there were no rights of contribution, subrogation or reimbursement in existence when decedent died which could be included in her estate or valued as of the date of decedent's death; that no such rights exist in California until the guarantor actually pays the guaranteed debt. This argument was advanced and rejected in the case of Parrott v. Commissioner.[2] We think the rights over existing in California in favor of the person secondarily or primarily liable become effective in California upon payment of the obligation as they do in other states.[3]

■ It is of no importance whether they are new rights independent of the original contract or old rights emerging from inchoate rights lying dormant. The revenue acts are intended to have a uniform application and to bring into the gross estate what is fundamentally the same in all estates, not colored by local characterization.[4] Whether the rights over be called a right of subrogation or a right of contribution, or a right to a right of subrogation or contribution, decedent at her death had property rights of value, and the right upon payment to acquire the right of subrogation is the property right which must be included in the gross estate.

■ No difficulty is encountered in fixing the value of the rights over. It is conceded that the company and the co-guarantor were, at the time of decedent's death, solvent and able to pay the claims and so continued up to the time of the hearing in the tax court. The Tax Court so found and its finding is not challenged. In fact, it may be said the question admits of no dispute, the petitioners having so stipulated. At the hearing before the tax court the petitioners endeavored to show by expert testimony the value of the rights over at the time of decedent's death. This testimony was rejected by the tax court and we think correctly so. When, as here, the concession is made that the company was fully able to pay and discharge the debt, there is no reason to encumber the record by the introduction of opinion evidence as to the value. Such evidence would have been of no assistance to the tax court.

Petitioners complain that the tax court erred in concluding that the approval of petitioners' contention would "lead to absurd ends". We think such an absurdity clearly appears. In the instant case, had the sister of the decedent died before the payment of the claim and petitioners' position be correct, then a claim for a deduction of $175,000 from the sister's estate could have been urged. We might assume a case of several members of a family becoming co-guarantors on a note and all die prior to the payment of the claim. In such an event could the estate of each claim a deduction of $175,000? Surely such a contention could not be reasonably urged.

The decision of the tax court is affirmed.

---

[1] Parrott v. Com'r, 9 Cir., 30 F.2d 792, certiorari denied 279 U.S. 870, 49 S.Ct. 512, 73 L.Ed. 1007; Com'r v. Wragg, 1 Cir., 141 F.2d 638.

[2] See Note 1.

[3] Arant on Suretyship, §§ 73, 75, 79.

[4] Lyeth v. Hoey, 305 U.S. 188, 59 S. Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410.