[No. 31531.   Department One.   April 26, 1951.]

*In the Matter of the Estate of* NILS A. JOHANSON.[1]

*The Attorney General* and *William C. Klein, Assistant,* for appellant.

*Lewis L. Stedman* (of *Stedman & Stedman*), for respondent.

*Monheimer, Schermer & Mifflin* and *Melville Monheimer, Jr., amici curiae.*

SCHWELLENBACH, C. J.—Katherine Brown Johanson died testate May 31, 1944, leaving a net estate of $104,023.21, upon which an inheritance tax was paid. The estate passed to her surviving husband, Nils A. Johanson. There was al-

[1] Reported in 230 P. (2d) 614.

lowed an exemption of $14,567.33 upon the property which passed to him.

Nils A. Johanson died testate March 7, 1946 (less than five years after his wife's death). Included in his estate were certain assets, of the value of $104,808, which had been received from the estate of his deceased wife, or which had been obtained in exchange therefor.

By the will of Nils A. Johanson certain bequests were made to his brothers and sisters, class B beneficiaries. The credit for property previously taxed passing to class A beneficiaries amounts to $97,762.81. An inheritance tax report was made by his executrix. This report was not accepted by the state inheritance tax division. The division ruled that the credit to be allowed in the present estate should be reduced by the specific exemption allowed in the first estate, i.e. $14,567.33. The trial court overruled the division and this appeal follows.

Appellant presents the question:

"Is the amount of property the succession to which was exempted from taxation in a prior estate to be regarded as property the succession to which was previously taxed within the meaning of Sec. 4, Chap. 134, Laws of 1931, as last amended by Sec. 2, Chap. 202, Laws of 1939, Rem. Rev. Stat. Supp. 11202-a, PPC 974-25?"

Rem. Rev. Stat. (Sup.), § 11202a [P.P.C. § 974-25], provides:

"There shall be exempt an amount equal to the value of any property forming a part of the estate of any father, mother, husband, wife, lineal descendant, stepchild or adopted·child who died within five (5) years prior to the death of the decedent where such property now passes from the decedent to any member of the same class: *Provided, however*, That this exemption only applies to transfers upon which an inheritance tax was paid in the estate of the first decedent, and where the property so transferred and taxed has increased in value, the increase in value shall be taxed.

"Property exempted under this section must be identified as having been received from the first decedent or as having been acquired in exchange therefor, and the value of such property so exempted shall not be in excess of the value determined for the estate of the first decedent."

. In order to ascertain the transfers on which an inheritance tax was paid in the estate of the first decedent, we must look to Rem. Supp. 1943, § 11202 [P.P.C. § 974-21].

"Class A. Any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to any grandfather, grandmother, father, mother, husband, wife, child or stepchild, adopted child or lineal descendant of any adopted child, son-in-law, daughter-in-law, or lineal descendant of the deceased is hereby denominated as Class A. On any amount passing to Class A up to and including $25,000, 1%; on any amount in excess of $25,000 up to and including $50,000, 2%; on any amount in excess of $50,000 up to and including $75,000, 3%; on any amount in excess of $75,000 up to and including $100,000, 4%; on any amount in excess of $100,000 up to and including $200,000, 7%; on any amount in excess of $200,000 up to and including $500,000, 9%; on any amount in excess of $50,000, 10%: *Provided,* That except as otherwise provided by statute there shall be allowed as an exemption to Class A the following amounts:  (A-1) $5,000 of any amount passing to Class A, which exemption shall include all allowances in lieu of homestead and all family allowances in excess of $1,000 as allowed by section 104, chapter 180, Laws of 1935 [§ 11201]; and in addition thereto (A-2) $5,000 for the surviving spouse and $5,000 for each living child born prior to the death of the decedent, stepchild, or adopted child; and in addition thereto (A-3) $5,000 for the living descendants of any deceased child, stepchild, or adopted child per stirpes and not per capita. The exemptions fixed by (A-2) and (A-3 shall be allowed regardless of the amounts passing to the persons named therein. If no person in Class A· as defined in (A-2) and (A-3) survives the decedent then there shall be allowed as an additional exemption to Class A. the sum of $5,000. *All of the amounts specified in A-1, A-2 and A-3 shall be allowed as exemptions to Class A as a whole and not to the persons mentioned therein.* In computing tax liability under Class A the aggregate amount of the exemption shall be deducted from that portion of the total amount of the estate passing to beneficiaries which is taxable at the lowest rates specified herein;  . . ." (Italics ours.)

In *In re Lindholm's Estate,* 6 Wn. (2d) 366, 107 P. (2d) 562, decided November 29, 1940, we considered chapter 202 of the Laws of 1939, page 692, the law then in effect. It provided:

"On any amount passing to class A up to and including $25,000, 1%; on any amount in excess of $25,000 up to and including $50,000, 2%; on any amount in excess of $50,000 up to and including $100,000, 4%; on any amount in excess of $100,000 up to and including $200,000, 7%; on any amount in excess of $200,000 up to and including $500,000, 9%; on any amount in excess of $50,000, 10%; *Provided,* That except as otherwise provided by statute there shall be exempt $10,000 of any amount passing to Class A, . . . "

We reviewed all of the inheritance tax statutes and held:

"The 1939 statute employs a wholly different formula. Section 1 of that act, as above quoted, which has reference to the graduated rate, is not primarily concerned with the determination of the *net amount* of the taxable estate, but rather, with the division of the entire estate into blocks by which the applicable rates of taxation are to be determined. The denominator employed for that purpose is *'the amount passing'* to persons within class A. Thus, the act first designates a series of blocks, or brackets, to be determined by the amount *passing to* persons included in that class; it then fixes the tax rates to be applied to the respective blocks; and, finally, *'except otherwise provided by statute,'* it allows an exemption of ten thousand dollars *'of any amount passing'* to such persons.

"The former statute accomplished a reduction in the amount of the *taxable estate*; the latter statute takes into consideration the full amount of the estate by dividing it into blocks, and then exempts from taxation a portion of the amount falling within the first block. Therefore, under the language of the statute now in effect, it cannot be said correctly that the amount of the exemption, which may vary according to circumstances, is to be treated 'as if it had no existence.'

"Expressing the effect of the 1939 statute as succinctly as we can, we hold that, for the purpose of composing the various blocks, or brackets, referable to class A, and for the purpose of fixing the rate for each block, the entire net amount of the estate, including the ten thousand dollars exemption, or the prorata part thereof, is to be considered; and that only for the purpose of determining what amount within the first bracket shall be taxed at the designated rate of one per cent can the exemption be deducted."

Turning again to Rem. Supp. 1943, § 11202, we find that: "All of the amounts specified in A-1, A-2 and A-3

shall be allowed as exemptions to class A as a whole and not to the persons mentioned therein." For the purpose of fixing the rate for each bracket in class A, the entire amount of the estate, including the exemptions provided for, is to be considered. It cannot be held that a specific portion of the estate has escaped taxation.

Rem. Supp. 1949, § 11218, provides:

"All gifts, bequests, devises, and transfers of property to or for the use of any of the following shall be exempt from inheritance tax:

(a) The United States of America;

(b) The State of Washington;

(c) A municipal or public corporation, school district or any school or educational institution in this state supported by public funds in whole or in part;

(d) A trust or a fraternal society, order or association operating under the lodge system, exclusively for any religious, charitable, scientific, literary, educational, public or other like work, whether or not such work is to be carried on within this state; or

(e) A society, corporation, institution, organization or association exclusively engaged in or devoted to any religious, charitable, scientific, literary, educational, public or other like work, no part of the net earnings of which inures to the benefit of any private stockholder or individual, whether or not it be organized under the laws of this state or engaged in such work therein."

Those taking under that statute do not pay an inheritance tax. They are exempt. In the Katherine B. Johanson estate an inheritance tax was computed and paid on all of the property which was transferred to her husband. The fact that the *amount* of the tax was reduced in accordance with the terms of Rem. Supp. 1943, § 11202, is beside the point.

The order is affirmed.

BEALS, ROBINSON, HILL, and DONWORTH, JJ., concur.

---

June 26, 1951. Petition for rehearing denied.