ESTATE OF ARTHUR A. SCHMIDT, DECEASED, MARJORIE MOSHER SCHMIDT, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26186. Promulgated October 20, 1952.

*A. R. Kimbrough, Esq.*, for the petitioner.
*Raymond B. Sullivan, Esq.*, for the respondent.

### OPINION.

HARRON, *Judge:* The respondent determined a deficiency in estate tax in the amount of $5,720.18. The petitioner agrees with some adjustments made by the respondent. The respondent agrees that the petitioner is entitled to a further deduction for attorneys' fees and costs. Effect will be given to these agreements of the parties under Rule 50.

The only question to be decided is whether property given to the decedent in 1946, consisting of 400 shares of the capital stock of Standard Oil Company of California having a value of $21,600, and 100 shares of the Class A stock of the Signal Oil and Gas Co., having a value of $8,000, constitute "property previously taxed" within the meaning and scope of section 812 (c) of the Internal Revenue Code.

All of the facts have been stipulated and are so found. The parties have stipulated that this Court may take judicial notice of the form and contents of Form 709, United States Treasury Department, the gift tax return. The agreed facts are as follows:

Arthur A. Schmidt, the decedent, died testate on March 3, 1947, a resident of the county of Los Angeles, California. The petitioner is the duly appointed and acting executrix of the last will of the decedent. The executrix filed timely the Federal estate tax return, Form 706, for the decedent with the collector for the sixth district of

California, in which the estate tax due was reported to be $9,484.89, and the tax shown to be due was paid.

On October 27, 1946, Marjorie M. Schmidt gave to Arthur A. Schmidt, her husband, 400 shares of the capital stock of Standard Oil Company of California; and on October 30, 1946, she gave to Arthur A. Schmidt 100 shares of the class A stock of the Signal Oil and Gas Co. Within the time prescribed by law the above-named donor filed, in accordance with the applicable law, Treasury Department, Internal Revenue Form 709, "Gift Tax Return," setting forth the making of the aforesaid gifts, and reporting them for the purposes of gift taxation at a value of $21,600 and $8,000, respectively, or a total of $29,600. The donor claimed the allowable annual exclusion against the aforesaid total gifts in the amount of $3,000, and applied the sum of $26,600 from the specific exemption then available to her against the remaining amount of the reported gifts. As a result no tax was paid on the 1946 gift tax return.

On February 7, 1947, the aforesaid donor made a further gift to the aforesaid donee of 900 shares of the class A stock of Signal Oil and Gas Co. In the manner and form aforesaid, but for the calendar year, 1947, said donor filed a gift tax return reporting the value of the gift just mentioned for gift tax purposes at $81,000. Thereafter the Commissioner of Internal Revenue upon the audit of the 1947 gift tax return adjusted the value of the aforesaid gift for gift tax purposes to the sum of $83,362.50. On the 1947 gift tax return, the donor claimed her remaining specific exemption in the amount of $3,400, and the annual exclusion of $3,000 allowed by law. Tax in the amount of $19,867.50 was shown on the 1947 gift tax return, which amount of tax was paid. Thereafter a deficiency in gift tax in the amount of $844.59 was determined, and it was paid. Accordingly, the total amount of the gift tax paid was $20,712.09.

There was on hand in the estate of the decedent at the date of his death each of the above described stocks, namely: 400 shares of the capital stock of Standard Oil Company of California; 100 shares of the class A capital stock of Signal Oil and Gas Co.; and 900 shares of the class A capital stock of Signal Oil and Gas Co.

The value of the stocks which were the subject of the aforesaid gifts made to the decedent in the calendar years 1946 and 1947 was included in the decedent's gross estate and was reflected in the decedent's taxable estate.

The Commissioner has treated the stocks given to the decedent in the calendar year 1947 as property which was previously taxed, and has allowed a deduction with respect thereto under section 812 (c) of the Internal Revenue Code. The Commissioner has treated the stocks given to the decedent in the calendar year 1946 as property

which was not previously taxed. The correctness of the latter action by the Commissioner is the only issue in this proceeding.

For purposes of the Federal estate tax, the petitioner claims, under section 812 (c)[1] of the Code, deduction from the gross estate of the value of the two blocks of stock given to the decedent in 1946, as "Property Previously Taxed." The respondent has allowed deduction under section 812 (c) of the value of the stock given to the decedent in 1947, as property previously taxed, but he maintains that the stocks given in 1946 were not gifts upon which gift tax "was finally determined and paid."[2]

In brief, it is the petitioner's theory that the 1946 gifts to the decedent were "taxed" when the tax paid on the 1947 return was computed because, the petitioner says, "the gift tax is a cumulative tax," and either the 1946 gifts were specifically taxed in making the computation of the amount of the tax under the 1947 gift tax return, or section 812 (c) "does not require a gift to have been specifically taxed."

Neither party finds any decision of this Court or of any other Federal court dealing squarely with the question at issue here under any provision of the Internal Revenue Code, so that the question is novel. Each party has cited a few cases for general principles and by way of analogy, but since none of them involved the precise question which we must now decide, no purpose is served in discussing any of the cited cases.[3] Consideration has been given to all of the contentions of the petitioner but we find them to be without merit,

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

* * * * * * *

(c) PROPERTY PREVIOUSLY TAXED.—An amount equal to the value of any property * * * (2) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. * * * This deduction shall be allowed only where a gift tax imposed under Chapter 4, or under Title III of the Revenue Act of 1932, 47 Stat. 245, or an estate tax imposed under this chapter or any prior Act of Congress, was finally determined and paid by or on behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the amount finally determined as the value of such property in determining the value of the gift, or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, * * *.

[2] Regulations 105, sec. 81.41 (a) (4) provides that a gift tax must have actually been paid, and that the mere filing of a gift tax return is not sufficient to meet the conditions prescribed in section 812 (c) of the Code.

[3] Both parties refer to H. Rept. No. 708, 72d Cong., 1st Sess., 1939-1 C. B. (Part 2) 477; and *Parrott v. Commissioner*, 30 F. 2d 792, certiorari denied, 279 U. S. 870. Petitioner cites, also, the following: *In re Johnson's Estate*, 230 P. 2d 614 (Supreme Court of the State of Washington, involving a statute of that state); *Sanford v. Commissioner*, 308 U. S. 39; *L. S. Winterbotham*, 46 B. T. A. 972; and *Dora Roberts*, 2 T. C. 679. Respondent cites, also, the following: *Estate of Mary Aylward*, 9 B. T. A. 1057; and *Estate of Charles J. Vath*, 41 B. T. A. 487.

and conclude that the respondent's determination that the two gifts of Marjorie M. Schmidt in 1946 were not gifts of property previously taxed within the requirements of section 812 (c) is correct. The following will demonstrate the errors in the petitioner's contentions:

The gift tax is a tax imposed for each calendar year upon the amount of *"net gifts"* for the taxable year. Sec. 1001 (a), Regs. 108, sec. 86.7. The Code specifies what constitutes *"net gifts."* See sections 1003 (a) and (b) (3); 1004 and 1004 (a) (1). Under these Code provisions with respect to gifts made after 1943, an exclusion of $3,000 is allowed, each year, from the value of a gift or gifts made during a calendar year to any person; and, in the case of a citizen, an exemption from tax of $30,000 is allowed a donor during his lifetime which may be used up as deductions in one or more than one year in computing net gifts for a calendar year.[4] See, also, Regulations 108, sec. 86.12, sec. 86.9, and sec. 86.10, which provide as follows:

Regs. 108, sec. 86.12.

SPECIFIC EXEMPTION.—In determining the amount of net gifts for the calendar year there may be deducted, if the donor was a citizen or resident of the U. S. at the time the gifts were made, a specific exemption of $30,000 * * * less the sum of the amounts claimed and allowed as an exemption in prior calendar years. * * *

Regs. 108, sec. 86.9.

NET GIFTS.—The tax is computed upon the amount of the donor's net gifts. * * * The term "net gifts" means "the total amount of gifts" computed as provided in sec. 1003, less the deductions provided in sec. 1004. [Specific exemption.]

Sec. 86.10.

TOTAL AMOUNT OF GIFTS.—Except with respect to any gift of a future interest in property, the first $3,000 of gifts made to any one donee during the calendar year 1943 or during any calendar year thereafter shall be excluded in determining the total amount of gifts for such calendar year. * * *

In the gift tax return for 1946 of the donor, Marjorie M. Schmidt, as we understand the facts, the amount of net gifts for 1946 (line j of Schedule A, Form 709), was zero, computed as follows:

[4] SEC. 1004. DEDUCTIONS.

In computing net gifts for the calendar year 1942 and preceding calendar years, there shall be allowed (except as otherwise provided in paragraph (1) of subsection (a)) such deductions as are provided for under the gift tax laws applicable to the years in which the gifts were made.

In computing net gifts for the calendar year 1943 and subsequent calendar years, there shall be allowed as deductions:

(a) RESIDENTS.—In the case of a citizen or resident—

(1) SPECIFIC EXEMPTION.—An exemption of $30,000 less the aggregate of the amounts claimed and allowed as specific exemption in the computation of gift taxes for the calendar year 1932 and all calendar years intervening between that calendar year and the calendar year for which the tax is being computed under the laws applicable to such years. This exemption shall be applied in all computations in respect of the calendar year 1942 and previous calendar years for the purpose of computing the tax for the calendar year 1943 or any calendar year thereafter.

*1946*

(e) Total gifts for year_____ $29,600
(f) Less total exclusions for each donee_____ 3,000

(g) Total included amount of gifts for year_____ $26,600
(h) Deductions
       *        *        *        *        *        *        *
    (3) Specific exemption claimed_____ 26,600

(j) Amount of net gifts for year_____ — 0 —

There was no gift tax due or paid on the gifts made in 1946 under the 1946 return.[5]

In the donor's gift tax return for 1947, in computing the tax on net gifts for 1947 (page 1, lines 1–6), the donor reported as the total amount of net gifts for preceding years, i. e., the amount of net gifts to the decedent, Arthur A Schmidt, in 1946, as zero (line 2), according to our understanding of the facts, so that the tax computed for the calendar year 1947 was, in fact, a tax only upon the amount of the net gift to the decedent made in 1947.[6]

We, therefore, find as a fact, with respect to all of the gifts of Marjorie M. Schmidt to the decedent in the years 1946 and 1947, that (1) no gift tax was paid on the property given in 1946 under the returns for both 1946 and 1947; and that (2) in the computation of the donor's gift tax for 1947, the tax computed for 1947 constituted a tax upon the transfer by gift of only the property given in 1947; that the net amount of the 1947 gift to the decedent was $76,962.50; and that gift tax was paid upon only such amount of "net gifts for the year."

Upon the foregoing findings, the petitioner is not entitled under section 812 (e) of the Code to a deduction from the decedent's gross estate of the value of gifts of Marjorie M. Schmidt made in 1946. The respondent's determination is sustained.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

MURDOCK, *J.*, dissenting: The Commissioner properly allowed the 1947 gifts (in excess of the exclusion which is not a part of a gift

---

[5] Page 1—Form 709, Computation of [Gift] Tax for 1946:
  1. Amount of net gifts for year (item j, schedule A)_____ — 0 —
  2. Total amount of net gifts for preceding years_____ — 0 —

  3. Total net gifts (item 1 plus item 2)_____ — 0 —
  4. Tax computed on item 3_____ — 0 —
  5. Tax   "   "   "   2_____ — 0 —

  6. Tax on net gifts for year (item 4 minus item 5)_____ — 0 —
[6] With respect to the gift of stock made in 1947, having a value of $83,362.50, the amount subject to tax was $76,962.50, after the exclusion of $3,000, and deduction of $3,400, the balance of the allowed exemption of $30,000 remaining to the donor in 1947.

for tax purposes) to be deducted in full as prior taxed property under section 812 (c) without diminution for the $3,400 balance of the $30,000 specific exemption which was not needed to offset the 1946 gifts. But the majority opinion reaches the conclusion that no part of the 1946 gifts is deductible because those gifts, in excess of the exclusion, were entirely offset by a part of the specific exemption so that they produced no "net gifts" subject to tax for that year. Section 812 (c) does not contain the phrase "net gifts" or any restriction or requirement based upon "net gifts." The majority opinion reaches a result repugnant to the words and intent of Congress and inconsistent with the deduction allowed for the 1947 gifts by failing to test the facts in this case by the clear provisions of section 812 (c) and by reading requirements into that section which are not there and were not intended by Congress.

The gift tax liability is reported and paid on an annual basis but the rates increase as any additional gifts are made from year to year. Gifts of any one year are not taxed as if they stood alone, as in the case of income. All prior gifts, all prior exclusions, prior use of all or part of the specific exemption, and taxes computed on the prior gifts are taken into the computation of the tax for all succeeding years so that the tax for that year is upon the top of the pile and is higher than it would be had no prior gifts been made. The specific exemption comes off the bottom of the pile no matter when or how it is taken and can not be saved successfully to offset later gifts which would otherwise be taxed at a higher rate. Section 1000 imposes a gift tax for each calendar year "upon the transfer during such calendar year * * * of property by gift." The gift tax computed under section 1001 for each calendar year is "the excess of—

> (1) a tax, computed in accordance with the Rate Schedule hereinafter set forth, on the aggregate sum of the net gifts for such calendar year and for each of the preceding calendar years, over
>
> (2) a tax, computed in accordance with the said Rate Schedule, on the aggregate sum of the net gifts for each of the preceding calendar years."

"Net gifts" means, for present purposes, the total gifts for the year, exclusive of the exclusion of $3,000, less the specific exemption available and needed to offset such gifts. Thus, the tax for each year, while in a sense imposed upon the gifts of that year, is in a real sense a cumulative addition to the tax on all gifts up to and including that year. H. Rept. No. 708, 72d Cong., 1st Sess. (1939-1 C. B. (Part 2) 477.)

Congress had this situation in mind when it enacted section 812 (c) allowing a deduction from the gross estate of a donee for estate tax purposes of "An amount equal to the value of any property * * *

transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift * * *." It is not disputed that the 1946 gifts meet all of those requirements. Section 812 (c) further provides that "This deduction shall be allowed only where a gift tax imposed under chapter 4 * * * was finally determined and paid by or on behalf of such donor * * * and only in the amount finally determined as the value of such property in determining the value of the gift * * *." The facts show that a gift tax was imposed on, determined against, and paid by the donor. The deduction is claimed only in the amount finally determined as the value of the donated property in determining the value of the gift. Thus, the 1946 gifts meet all of those further requirements of section 812 (c) and there is no justification for denying the deduction. The majority opinion does not point out where the petitioner fails to meet any specific requirement of section 812 (c).

The majority result could only be proper if the portion of section 812 (c) last quoted included some such additional words as are given below in italics: This deduction shall be allowed only where a gift tax imposed under chapter 4 was finally determined and paid by or on behalf of such donor *for the year in which the gift sought to be deducted was made* and only in the amount finally determined as the value of such property in determining the value of the gift *and in determining a tax on that gift*. However, neither the italicized words nor any similar ones were put in the provision by Congress and that meaning may not be read into the law to deny the deduction.

Furthermore, it is unlikely that Congress meant to deny a deduction in a case like this. It looked at the entire gift tax picture of the donor at the time of the donee's death and logically allowed a deduction from the latter's estate for all property contained therein received by gift from the donor provided that the latter had paid some gift tax on his total gifts up to that time. Cf. Regs. 105, sec. 81.41 (a) (3) and (4). The law, the regulations, and the Commissioner's practice as demonstrated in this case all show that the deduction under section 812 (c) is not reduced by the specific exemption claimed. Apparently the Commissioner never before made such a determination as he has made on the 1946 gifts. The majority makes the deduction depend upon the circumstance that the 1946 gifts, above the exclusion, did not exceed the specific exemption of $30,000, but under its reasoning the entire gifts for that year, above the exclusion, could have been deducted had their amount exceeded ever so slightly the specific exemption, or had less than $26,600 of the exemption been claimed. No reason is apparent why Congress would want to make a distinction between gifts at the bottom of the pile and those higher up in the pile

where all gifts in the pile have had a definite bearing upon the total gift taxes paid by the donor. Congress made no such distinction in regard to devised property but allowed a deduction for the property in the gross estate of the prior decedent without regard to the specific exemption. The gift tax and the estate tax are designed to accomplish somewhat the same purpose and they must be construed with reference to each other. *Sanford's Estate* v. *Commissioner*, 308 U. S. 39. Section 812 (c) shows that Congress did not make any such distinction in regard to prior taxed donated property.

KERN, VAN FOSSAN, and OPPER, *JJ.*, agree with this dissent.