ESTATE of Arthur A. SCHMIDT, Deceased, Marjorie Mosher Schmidt, Executrix, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13760.

United States Court of Appeals, Ninth Circuit.

Feb. 17, 1955.

Dana Latham, A. R. Kimbrough, Henry C. Diehl, Los Angeles, Cal., for appellants.

H. Brian Holland, Asst. Atty. Gen., Harry Marselli, Carolyn R. Just, Ellis N. Slack, Sp. Assts. to Atty. Gen., Charles W. Davis, Chief Counsel, I. R. S. Washington, D. C., for respondent.

Before STEPHENS and FEE, Circuit Judges, and LING, District Judge.

STEPHENS, Circuit Judge.

We are here reviewing a decision of The Tax Court, 19 T.C. 54, by which the petitioner lost her claim for a redetermination of the estate tax. By agreement of the parties, there will be no dispute as to the sum of the correct tax, once it is decided whether a gift tax has been *paid* on certain gifts made to the decedent in 1946, thereby qualifying the gifts as *property previously taxed* and therefore deductible from decedent's taxable estate under the provisions of § 812(c) of the Internal Revenue Code, Title 26 U.S.C.A. § 812(c).[1] All cita-

---

1. Title 26 U.S.C.A. § 812(c). Net Estate. "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \*

"(c) Property previously taxed. An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (2) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or

which can be identified as having been acquired in exchange for property so received. Property includible in the gross estate of the prior decedent under section 811(f) and property included in total gifts of the donor under section 1000(c) received by the decedent described in this subsection shall, for the purposes of this subsection, be considered a bequest of such prior decedent or gift of such donor. This deduction shall be allowed only where a gift tax imposed under Chapter 4, or under Title III of the Revenue Act of 1932, 47 Stat. 245, or an estate tax imposed under this chapter or any prior Act of Congress, was finally determined and paid by or on behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the amount final-

tions of applicable statutory law by section number refer to the Internal Revenue Code, Title 26 U.S.C.A.

A gift of stock was made to decedent in 1946 and the donor[2] asserted her $3,000 annual exclusion (under § 1003(b)(3)) and part of her $30,000 specific exemption (under § 1004(a)(1)) with the result that there was no gift tax on the transaction. The donor made another gift of stock to the same donee in 1947.

The donee died within a few weeks after the second gift and during the same year it was given. The stock of both gifts was intact at the time of the donee's death and became a part of his estate. In due time, the executrix of decedent's will made the required estate tax return, and in it she deducted the value of the 1946 gifts from the gross value of the estate, deeming the application of the $3,000 exclusion and the required part of the specific exemption of a part of the $30,000 as payment of what she deemed a due gift tax. (See § 810, 811, 812, and 813 of the Internal Revenue Code, which latter section refers to credits against gift tax. See, also, § 1000 et seq. as to gift tax.)

The Commissioner and The Tax Court decided that the value of the 1946 gift was not deductible from the gross estate value for the reason that the assertion of the exemptions, while satisfying the donor's gift tax problem, did not satisfy the estate's tax liability under § 812(c). The provision therein as to such liability is that the deduction of the value of the gift from the total value of the gross estate,

> "shall be allowed only where a gift tax * * * was finally determined and paid * * *."[3]

There do not appear to be decided cases on the issue raised. However, Treasury Regulation 105, Sec. 81.41(a)(4) is in accord with the Commissioner's and The Tax Court's view and we hold the same way.

It will be noticed, in reading § 810,[4] the basis for the tax on a decedent's estate, that it is essentially a transfer tax on certain gratuities, as all of the property owned by a person passes into an estate and eventually by will or by descent to another owner without the exchange of value therefor. The tax relative to the transfer of the property to the estate is called an inheritance tax, and is deemed by some students of taxation as the fairest of all taxation, since it takes from the gratuity only. The whole estate, less costs and taxes, moves to the beneficiaries and heirs free of cost. So it is with gifts.

It is apparent that when the government decided to tax property passing into a decedent's estate, the transfer of property as gifts inter vivos might be taxed under the same sanction. Indeed, if

---

ly determined as the value of such property in determining the value of the gift, or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this subsection, section 861(a)(2), or the corresponding provisions of any prior Act of Congress, in respect of the property or property given in exchange therefor. * * *"

The omitted portions of § 812(c) would be applicable here only if other issues were present in the instant case.

2. The donor was the wife of the donee at the time the gifts were made, but the relationship has no effect upon the point at issue in the case.

3. We have quoted in the text of the opinion, and commented on, only the parts of the statute affecting the limited issue of this case. There are other limitations in § 812(c) which would modify the quoted parts if other issues were in the case.

4. Title 26 U.S.C.A. § 810. Rate of Tax. "A tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 812) shall be imposed upon the transfer of the net estate of every decedent, citizen or resident of the United States, dying after the date of the enactment of this title.

"1 per centum of the amount of the net estate not in excess of $50,000; * * *."

The percentage increases gradually to:

"20 per centum of the amount by which the net estate exceeds $10,000,000." 53 Stat. 120.

gifts were not so taxed, the advantages of large gifts, inter vivos, could result in greatly reduced revenue derived from the estate tax. But since reasonable inter vivos generosity is acknowledged as a virtue and therefore should not be discouraged by a tax upon the donor, the donor was by statute relieved of the tax in value up to the annual sum per individual gift allowance and up to the deduction and the specific exemption heretofore mentioned. The government gives up none of its tax on the free transfer of the decedent's fortune into the estate, for it allows deduction only as to property in the estate upon which the free tranfer tax has already been paid in the form of a gift tax.

When the donor took her exemptions, she was benefited, but since the taking of the exemptions left, untaxed, the free transfer of property equal to the exemptions taken, such property is included in the estate report as to property subject to the estate tax. There is nothing in the gift exemption law to support a theory that Congress intended to leave any part of the free transfer property free from a transfer tax. The statutes plainly provide that a tax applies to all of the property that goes into the estate. Of course, what we have said is without reference in any manner to property which is exempted by statute from taxation.

The wording and phrasing of § 812(c) synchronizes with the underlying purpose of the law as expressed herein. And our analysis and conclusions are borne out by the fact that § 812(c) not only applies to gift tax "finally determined and paid" but to estate tax which was "finally determined and paid" upon property forming a part of the gross estate of one who died within five years prior to the death of the instant decedent. The five-year limitation applies as well to the transfer by gift.

It is true that the Commissioner did not apply to the 1947 gift the same treatment as he applied to the 1946 gift. Had he done so, the 1947 gift would, we suppose, have been subject to the balance of the donor's exemptions which were not applied on the 1946 gift. Petitioner urges that this apparent inconsistency in the Commissioner's actions helps establish her construction of the statute, as it indicates a long-standing construction by the Internal Revenue Department. Whether it does or not, we think the petitioner's view cannot be justified as the correct one.

The Tax Court decision is affirmed.