Betty L. KELLEY, Administratrix, Estate of Philip E. Kelley, Deceased,

v.

Raymond L. HALPERIN in his capacity as State Tax Assessor for the State of Maine Bureau of Taxation.

Supreme Judicial Court of Maine.

Aug. 22, 1978.

William F. Hufnagel (orally), Winthrop, for plaintiff.

Andre G. Janelle, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

This case is on report from the Kennebec County Probate Court pursuant to 36 M.R. S.A. § 3801.[1]

The parties stipulated all facts necessary for our consideration of the issue reported. In lieu of repeating the rather lengthy stipulation, we will summarize the same.

Philip E. and Betty L. Kelley as husband and wife owned certain real estate as joint tenants "with the right of survivorship." Mr. Kelley died intestate and at the time of his death this property was encumbered by a total mortgage debt of $47,955.80. In due course the defendant computed the Maine Inheritance Tax due from Mrs. Kelley and, in so doing, disallowed one-half ($23,977.90) of the mortgage debt as a deduction. Plaintiff claimed that it was proper to de-

---

1. "An executor, administrator, trustee, grantee, donee, survivor or beneficiary aggrieved by the determination of the State Tax Assessor may within 90 days after the certification of any tax apply to the probate court in the county where the estate is being administered . . . for the abatement of the tax determined or any part thereof and if the court adjudges that the tax or any part thereof was wrongly deter- mined, it shall order an abatement of such part thereof as was determined without authority of law. *Questions of law may be reported by the probate court to the Supreme Judicial Court sitting as a court of law.* Upon a final decision ordering an abatement of any part of a tax determined, the determination of the State Tax Assessor shall be amended in accordance with the decree of the court." (emphasis supplied)

duct the total mortgage debt against one-half the fair value of the mortgaged property.

To clarify the issue reported, the parties have stipulated that the following methodology of tax computation is used by the State:

"The taxable value of real property held in joint tenancy by husband and wife is computed by the Maine Bureau of Taxation, for purposes of the Maine Inheritance Tax, as follows:

(A) One half of the appraised fair market value of real property, as of decedent's date of death, is attributed to decedent's estate as an asset;

(B) One half of the amount of outstanding joint mortgage debts, in existence on the date of decedent's death, is allowed as a deduction against the 'gross value' of decedent's estate.

This formula is used by the State of Maine Bureau of Taxation to determine the taxable value of resident and non-resident estates, for purposes of the Maine Inheritance tax. It is based on the State of Maine Bureau of Taxation's interpretation of 36 M.R.S.A. §§ 3523, 3524 and 36 M.R.S.A. § 3632.

In the case of debts for which husband and wife are jointly and severally liable, absent unique circumstances, the State of Maine Bureau of Taxation allows as a deduction from the gross estate one half of the outstanding debt in existence on the date of decedent's death."

It is conceded that the value of Mr. Kelley's interest in the real estate owned in joint tenancy was correctly determined "by dividing the whole value of the property by the number of co-owners." 36 M.R.S.A. § 3632. However, Mrs. Kelley does not agree with the defendant's position that because one-half of such property is acknowledged as having passed to the surviving joint tenant, it is reasonable to conclude that only one-half of the joint obligations against such property should be considered as a debt of the decedent. Mrs. Kelley argues that resort should be had to the statute dealing with non-resident estates, the provisions of which she contends should be incorporated by reference in computing allowable deductions for resident estates. 36 M.R.S.A. § 3467(6) provides:

"In the case of the estate of a nonresident the net estate for the purpose of the taxes imposed by chapters 551 to 573 shall be ascertained by deducting from the gross estate the following items:

.     .     .     .     .

6. Mortgages unpaid. The amount at the date of the decedent's death of all unpaid mortgages upon real or tangible personal property situated within this State, which mortgages were not deducted in the appraisal of the property mortgaged."

She also argues (and it was so stipulated) that the inventory of Mr. Kelley's estate listed as an asset "one-half of the unencumbered value of the real estate." Such being the case, she contends Section 3467(6) should be construed to allow the deduction of the full amount of the mortgage.

In computing inheritance taxes Maine law allows deductions from the gross estate of the debts of a decedent. 36 M.R.S.A. § 3524. From the agreed statement of facts it is clear that Mr. and Mrs. Kelley were jointly and severally liable for the mortgage debt. The ultimate question then becomes whether the total amount of the mortgage debt should be considered as a deductible debt of the decedent for inheritance tax purposes.

■ We decline to accept the argument that 36 M.R.S.A. § 3467(6) must be construed to allow the deduction of the total outstanding mortgage debt. First, Section 3467(6) by its terms applies to nonresident estates only. Secondly, the reference in § 3467(6) to the "amount .  .  . of all unpaid mortgages," while presumably meaning the full amount of such mortgages, does not necessarily mean the full amount of all unpaid mortgages when the mortgagor's obligation is joint and several.

In a similar case, where a decedent owned an undivided one-half interest in certain real estate which was subject to a

mortgage debt that was the joint and several obligation of the decedent and her brother, the Ninth Circuit Court of Appeals held that one-half of the total mortgage debt was deductible in arriving at the amount of tax upon the estate of the decedent. *Parrott v. Commissioner of Internal Revenue*, 30 F.2d 792 (9th Cir. 1929). In *Parrott* the Court reasoned:

> "Looking through the form of that instrument to the substance of the obligation created thereby, the makers thereof, as between themselves, were each liable only for the payment of one-half of the mortgage debt, for the property of each was sufficient for the payment of that half, and, if either were required to pay more than one-half, the excess so paid was recoverable from the other."

Applying this same reasoning to the instant case, it is clear that only one-half of the outstanding mortgage debt should be characterized as a debt of the decedent.

■ The agreed statement makes clear that the format under which the inheritance tax was computed in this particular case is entirely consistent with the traditional format used by the State Tax Assessor in dealing with all comparable situations. In other words, when dealing with a resident estate where joint tenancy is involved, the State Tax Assessor determines the taxable value by dividing the fair market value of the property by the number of joint tenants and subtracting the same proportion of the total debt from each part.

■ The statute dealing with the assessment of inheritance taxes in resident estates does not prohibit this standard methodology. We recognize that the construction of a statute utilized by those whose duty it is to make the statute operative is entitled to great deference by a court when called upon to construe the statute. Since there is nothing in the language of this enactment which makes the interpretation given by the State Tax Assessor contrary to expressed legislative purpose, it is entirely appropriate to look to its contemporaneous construction by the defendant as a guide. *Mottram v. State*, Me., 232 A.2d 809, 816

(1967), *citing State v. Boston & M. Railroad Company*, 123 Me. 48, 57, 121 A. 541, 545 (1923). *See also State v. York Utilities Co.*, 142 Me. 40, 44, 45 A.2d 634, 635 (1946).

. We therefore hold that the formula used by the defendant in determining the taxable value of the resident estate of Philip E. Kelley was proper.

The entry is:

Remanded to the Kennebec County Probate Court for entry of an order denying abatement of any part of the Inheritance Tax as assessed.