The ISLAND FOUNDATION and
Nickerson & O'Day, Inc.,

v.

R.L. HALPERIN, State Tax Assessor.

Supreme Judicial Court of Maine.

Argued June 7, 1983.

Decided July 11, 1983.

Hale & Hamlin, Dale L. Worthen (orally), Ellsworth, for plaintiff.

James E. Tierney, Atty. Gen., Jerome S. Matus, Augusta, Crombie J.D. Garrett (orally), Asst. Attys. Gen., John E. Larouche, Deputy Atty. Gen., for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ.

McKUSICK, Chief Justice.

This case involves the construction and application of 36 M.R.S.A. § 1760(2) (1978), which states, in pertinent part:

No tax on sales, storage, or use shall be collected upon or in connection with . . . [s]ales to . . . the Federal Government.

The precise question presented is whether section 1760(2) prevents the State from collecting its five percent use tax on materials used by a subcontractor to construct a building intended ultimately to become the property of the United States of America. Because on the facts of this case the levy of the use tax on the subcontractor could have no economic effect on the federal government, we hold that section 1760(2) does not exempt the subcontractor from taxation.

On October 21, 1980, the United States of America, acting through the regional director of the North Atlantic Region, National Park Service, entered into an agreement with The Island Foundation, a nonprofit Maine corporation. The agreement

called for the Foundation to "fund, contract for, construct, equip [and] complete" a restaurant and gift shop facility near Jordan Pond in the Acadia National Park and to "donate" the completed structure to the United States "without restriction." The United States agreed to construct a sewer line, roads, parking facilities, and landscaping at the Jordan Pond site "[s]ubject to the availability of funds." The Foundation then entered into a construction contract with Nickerson & O'Day, Inc., a Maine corporation. That contract called for the Foundation to pay Nickerson & O'Day $828,400, for the construction of the Jordan Pond facility in accordance with the Foundation's plans and specifications.

The Maine Bureau of Taxation assessed Nickerson & O'Day $6,251.08 in use taxes under 36 M.R.S.A. § 1861 (1978),[1] plus interest and penalties, on materials purchased in connection with its construction of the Jordan Pond facility. After a hearing, the State Tax Assessor reconfirmed the amount of the assessment, rejecting the argument that section 1760(2) shielded Nickerson & O'Day from imposition of the use tax. Both the subcontractor and the Foundation then filed a complaint in Superior Court (Hancock County) for review of the State Tax Assessor's decision, pursuant to 36 M.R.S.A. § 151 (1978) and 5 M.R.S.A. § 11001(1) (1979). The court affirmed the administrative decision as to Nickerson & O'Day, holding that "[t]he lack of effect" on the federal government "permits the imposition of the tax in this case."[2] We agree.

For purposes of this appeal we assume without deciding that the agreement between the Foundation and the United States contemplated a "sale to the federal government" as that phrase is used in section 1760(2). The statute prohibits the collection of storage or use taxes "upon or in connection with" such sales. Clearly, the State Tax Assessor in this case did not impose any tax "upon" the sale. Nickerson & O'Day, upon whom the tax was levied, is not a party to any agreement or contract with the federal government. Its contract is with the Foundation, and it is the Foundation that is party to the sale agreement with the federal government. Nonetheless, Nickerson & O'Day argues that it is being unlawfully taxed "in connection with" a sale to the federal government, because the state is taxing materials used to construct the building that is the subject of the sale agreement between the Foundation and the United States. Essentially, Nickerson & O'Day asserts that *any* use of tangible personal property necessitated by or undertaken in order to make possible *any* sale to the federal government is exempt from taxation under section 1760(2). Such a broad reading of the "in connection with" language of the law is contrary both to prior administrative construction of the statute and to common sense.

The Bureau of Taxation has long interpreted section 1760(2) as inapplicable to a subcontractor's purchase of construction materials, where that subcontractor's dealings are with a general or prime contractor

1. Section 1861 imposes a five percent tax on "the storage, use, or other consumption in this State of tangible personal property, purchased at retail sale."

2. The Superior Court dismissed the Foundation's complaint for lack of standing, reasoning that the "fixed-price" terms of its contract with Nickerson & O'Day protected it from any adverse economic consequences of a use tax assessment against the subcontractor. The Superior Court's action was correct under 5 M.R.S.A. § 11001(1), which permits only "aggrieved" parties to seek judicial review of final agency action. *See In re Lappie,* 377 A.2d 441 (Me.1977). Nor did the Superior Court err in

denying the Foundation's motion, made after it had filed its notice of appeal to the Law Court from the Superior Court's dismissal order, seeking to introduce evidence of an agreement whereby the Foundation promised to pay any use tax assessed against Nickerson & O'Day on materials used to build the Jordan Pond facility. The motion was not properly cognizable as one of the few motions that M.R.Civ.P. 73(f) permits the Superior Court to entertain after an appeal has been docketed in the Law Court. In any event, this opinion disposes of Nickerson & O'Day's appeal in such a manner that the Foundation's status as an appellant on the main question would be immaterial.

rather than directly with any governmental entity. *See, e.g.,* Me. Bureau of Taxation Rule No. 302.01 (Dec. 31, 1979) ("Sales made *directly* to the federal government . . . are exempt from sales tax") (emphasis added); Me. Bureau of Taxation Sales and Use Tax Instruction Bulletin No. 4, § 3 (Sept. 10, 1971) (contractor *entering into construction contract with the federal government* is not liable for sales or use tax on materials and supplies that are to be physically incorporated into the real estate); Me. Bureau of Taxation, Interdepartmental Memoranda of August 30, 1960, October 7, 1960, November 22, 1961, *Maine Tax Reporter* (CCH) ¶ 60–218 (purchases by subcontractors fully taxable where there is no privity of contract between subcontractor and governmental entity). This administrative construction of the statute, holding the exemption inapplicable to builders lacking contractual privity with a governmental entity, is of some persuasive value to a court asked to interpret the same statute. *See Kelley v. Halperin,* 390 A.2d 1078, 1080 (Me.1978) (construction of tax statute by state tax assessor "entitled to great deference by a court"). We do not decide today, however, whether the privity-of-contract test should be applied to make Nickerson & O'Day ineligible for section 1760(2)'s exemption, because the terms of the "sale" to the federal government in this case themselves shield the government from bearing any direct or indirect use tax burden.

The legislature cannot have meant section 1760(2) to protect an otherwise taxable entity—here, a Maine corporation—from the state's sales or use tax in circumstances where the advantage to the corporation will result in no corresponding advantage to the federal government, which is the intended beneficiary of the statute. In this case, the "price" to be paid by the United States for the Jordan Pond facility cannot be affected by either Nickerson & O'Day's or the Foundation's liability for the use tax. The agreement between the United States and the Foundation calls for the federal government to construct a sewer line, roads, parking facilities, and landscaping at the Jordan Pond site. The cost to the government of meeting its contractual obligations will not be increased by virtue of Nickerson & O'Day's or the Foundation's payment of the state's use tax on materials used to build the restaurant and gift shop facility to be "donated" to the United States. That use tax, in other words, will not and cannot be passed on to the federal government through any sale of property to the United States, regardless of whether the Foundation is obligated to repay Nickerson & O'Day for its use tax liability. For this reason, we hold that section 1760(2) does not protect Nickerson & O'Day from imposition of the tax.

The entry is:

Judgment affirmed.

All concurring.

