**MOLASSES POND LAKE ASSOCIATION**

v.

**SOIL AND WATER CONSERVATION COMMISSION.**

Supreme Judicial Court of Maine.

Argued Nov. 17, 1987.
Decided Dec. 22, 1987.

Michele M. Lataille, Wayne P. Libhart (orally), Ellsworth, for plaintiff.

James E. Tierney, Atty. Gen., Jeffrey Frankel (orally), Asst. Atty. Gen., Augusta, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff Molasses Pond Lake Association (the Association), the owner of a dam on Molasses Pond, appeals from an order of the Superior Court (Hancock County) affirming in part and vacating in part an order of the Soil and Water Conservation Commission (the Commission). On appeal, the Association raises numerous objections to the order of the Commission. In addition, the Commission by way of cross-appeal challenges the action of the Superior Court in vacating that part of its order requiring certain structural modifications to the dam. We conclude that plaintiff's appeal presents no issue of merit and on the cross-appeal we find that the Superior Court did not err. We affirm the judgment of the Superior Court.

In response to a petition signed by twenty-three lakefront owners on Molasses Pond in Eastbrook, the Commission held hearings to establish a proper water level on the lake. The petition alleged that the Association's failure to maintain its dam was causing extensive shore erosion. The Commission's Executive Director presided over the hearings. After hearing, the Commission issued an order setting a maximum water level for the lake and directing that specific structural modifications be made to the dam so that it would be capable of regulating water levels in accordance with the terms of the Commission's order. The Association appealed the Commission's order to the Superior Court.[1] The Superior Court ruled that the Commission lacked statutory authority to require dam modifications, but otherwise affirmed the order. From this decision, both parties appeal.

No extended discussion of the issues raised by the Association on appeal is required. The determination by the Commission that the petition initiating the review proceedings was complete, is properly deferred to by this Court. *See Bar Harbor Banking and Trust Company v. Superintendent of the Bureau of Consumer Protection,* 471 A.2d 292, 296 (Me.1984); *Kelley v. Halperin,* 390 A.2d 1078, 1080 (Me. 1978). The record does not support the allegation that the Association was prejudiced by the Assistant Attorney General's behavior during the proceedings. *See Hale v. Petit,* 438 A.2d 226, 231–232 (Me.1981). The Commission's designation of its Executive Director to preside over the hearings is expressly authorized by statute. 12 M.R. S.A. § 52 (1974); *see* 5 M.R.S.A. § 9062(1) (1979). Furthermore, as there is no evi-

---

1. Initially the Commission brought an action for injunctive relief against the Association. Subsequently, the Association filed a complaint seeking a review of the Commission order and that complaint was filed as a counterclaim by order of court. Ultimately the Commission's action was dismissed and only the Association's complaint for judicial review remained.

dence establishing that the Association's property was rendered "substantially useless" by the Commission's order, there has been no unconstitutional taking. *See Seven Islands Land Co. v. Maine Land Use Regulation Commission,* 450 A.2d 475, 482 (Me.1982). Finally, we are persuaded that the record adequately supports the findings of fact made by the Commission. 5 M.R.S.A. § 11007(4)(C)(5) (1979); *Seven Islands Land Co.,* 450 A.2d at 479–80.[2]

 Turning to the cross-appeal, it is axiomatic that State agencies may exercise only that power which is conferred upon them by law. "The source of that authority must be found in the empowering statute, which grants not only the expressly delegated powers, but also incidental powers necessary to the full exercise of those invested." *State v. Fin & Feather Club,* 316 A.2d 351, 355 (Me.1974). Moreover, as the agency responsible for enforcing the relevant statute, an agency's construction of the enabling statute is entitled to great deference by this Court. *Bar Harbor Banking and Trust Company,* 471 A.2d at 296; *Kelley,* 390 A.2d at 1080. We agree with the Superior Court, however, that 12 M.R.S.A. § 304(4) (Pamph.1974–80) does not authorize the Commission to order structural modifications to a dam.[3]

In addition to establishing water levels, 12 M.R.S.A. § 304(4) (Pamph.1974–80) provides that the Commission

> [s]hall, insofar as practicable, require the maintenance of a stable water level, but shall include provision for variations in water level to permit sufficient draw down of such body of water to accommodate precipitation and runoff of surface water and to otherwise permit seasonal or other necessary fluctuations in water level . . . .

Although the statute permits provision for variations in water level, it contains no express authorization to order alterations to a dam. No such authority can reasonably be inferred from the power to establish water levels because an adequate enforcement mechanism is provided under 12 M.R.S.A. § 306 (Pamph.1974–80).[4] *See Fin & Feather Club,* 316 A.2d at 355. The Superior Court committed no error.

The entry is:

Judgment of the Superior Court affirmed.

All concurring.

---

**2.** The Association includes additional constitutional and procedural issues in its appeal. We decline to address those questions, however, because they were not raised at the Commission hearing or before the Superior Court. *See Your Home, Inc. v. Town of Windham,* 528 A.2d 468, 471 (Me.1987).

**3.** The hearing was held pursuant to the former Neglected Dams Law 12 M.R.S.A. § 301 *et seq.* (Pamph.1974–80).

**4.** Section 306 provides as follows:

*Enforcement*

The commission, a dam owner, or any littoral proprietor may commence an action to enjoin the violation of any provision of this chapter. The commission may enforce the order by any other appropriate remedy.

The violation of any order of the commission shall be punishable by a fine of not less than $20 and not more than $100. Each day of violation shall be considered a separate offense.