### EVA M. HEALEY'S CASE.

Androscoggin.   Opinion September 12, 1924.

*Under the Workmen's Compensation Act an agreement for compensation duly approved by the Labor Commissioner is as effective as a judicial judgment.*

In the instant case the question whether claimant was originally compensable was not open.   The decision may have been at variance with the law, as later decisions of this court have declared that law to be, but the point was and is not reexaminable upon the merits.

The right to compensation was once established between these same parties in this same case.   And, whether established correctly on general principles, or not, so long as the facts on which the awarding of compensation was predicated continued to be the facts in the case, so long did that which was established continue to be law of the case.

On appeal.   Eva M. Healey was injured September 9, 1918, while in the employ of Dingley-Foss Shoe Company, by having the chair in which she was sitting at her work suddenly pulled from under her without any warning, the injury resulting from contact with the floor. Under an "open-end" agreement approved by the Commissioner January 16, 1919, she was paid compensation at the rate of $9.15 per week for temporary total disability for a period of twenty weeks when the payments were terminated by the insurance carrier on the ground that her disability at that time was not due to her injury, but to tuberculosis from which she was found to be suffering.   On March 14, 1923, was filed the petition in this proceeding with the Commission by the Dingley-Foss Shoe Company to determine present incapacity. Before the decree Eva M. Healey died and her mother, Bessie A. Healey was appointed administratrix of her estate.   On May 22, 1924,

a decree was made confirming the findings of the Commission in awarding compensation at the rate of $9.15 per week from February 13, 1919 to December 31, 1919, inclusive; $7.95 per week from January 1, 1920 to December 31, 1922; $7.71 per week from January 1, 1923 to September 28, 1923, and $9.15 from that date to April 7, 1924, and respondents appealed. Appeal dismissed with costs. Decree affirmed.

The case is fully stated in the opinion.

*Frank A. Morey,* for claimant.

*Harry Manser,* for respondents.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, WILSON, DEASY, JJ.

DUNN, J. On the ninth day of September in 1918, Eva M. Healey, an employee of the Dingley-Foss Shoe Company, sustained personal injuries while working in her employment, the cause being that a fellow employee snatched the chair in which she was seated, whereby she dropped to and forcibly upon the floor.

An "open-end" agreement, that is, an agreement between Miss Healey and her employer, concerning the paying of compensation from a given time for an indefinite period, was approved by the Labor Commissioner, and in consequence became of the same effect as the judgment of a court. R. S., Chap. 50, Sec. 35. Miss Healey was paid thereunder, for "temporary total disability," twenty weeks at $9.15 a week, until February 19, 1919.

Then the employer's insurance carrier, asserting that full recovery from the injuries had been made, informed Miss Healey by letter that it would not make any further payment to her. And it has not. The Industrial Accident Commission, when notified by the insurance carrier of its position, wrote Miss Healey asking if she was content with that which had been paid, or if hearing was desired. She did not reply.

Thus matters stood, the agreement unchanged by any modification and unaffected by release or on review, the claimant silent, compensation withheld, for somewhat more than three years.

Miss Healey now requested that execution issue for the compensation in arrears. Section 35, cited before. But the request was never pressed, seemingly by amicable arrangement, pending determination of whether the claimant's incapacity to work had ended, which was

to be made on the petition that the former employer, still subsequently but yet seasonably, was to and did file.  *Milton's Case*, 122 Maine, 437;  *Wallace's Case*, 123 Maine, 517.  Upon hearing on that petition, the Industrial Accident Commission, the associate legal member presiding, ordered the paying of compensation at varying rates, as incapacity varied from total to partial and back again, from the time that payments were stopped on the original agreement to the day of the date of the death of Miss Healey, she having died following the hearing and preceding the order, and her administrator being in and defending.  Appeal was made from an affirming decree.

Whether the claimant was compensable originally was not open. That question was finally decided when, on being officially approved, the compensation agreement became as effective as a judicial judgment.  Perhaps, as argued, the decision was at variance with the law of the land, as later decisions of this court, touching the subject of horseplay or frolic, have declared that law to be.  But the point was and is not reexaminable upon the merits.  The right to compensation was once established between these same parties in this same case. And, whether established correctly on general principles or not, so long as the facts on which the awarding of compensation was predicated continued to be the facts in the case, so long did that which was established continue to be the law of the case.  *Gee* v. *Williamson*, (Ala.), 27 Am. Dec., 628 and note;  15 R. C. L., 959.

No one would venture seriously to dispute that Miss Healey's failure to reply to the mere inquiry of the Industrial Accident Commission was equivalent to the voluntary relinquishment by her of her judgment-evidenced property.  She owed no duty to reply.  She might have sought review, but she did not.  Instead, with the time for so doing far from expired, she prayed for execution.  And she stayed her prayer, to the end that her former employer might be afforded opportunity to present, whether her incapacity, so far as it was caused by the accident had ended, and her right to compensation as awarded had ceased.  R. S., Chap. 50, Sec. 36, *Milton's Case*, supra;  *Wallace's Case*, supra.

The petitioner had the burden of proof.  *Orff's Case*, 122 Maine, 114.  Miss Healey, in the accident, was bruised at the base of her spine and in the lumbar region and her abdominal muscles were strained.  She already was afflicted with pulmonic tuberculosis, a fact not appreciated when the compensation agreement was entered

into, but she was entitled to compensation, nevertheless, if the preexisting condition was aggravated or accelerated by the injuries received. *Orff's Case,* supra; *Patrick* v. *Ham,* 119 Maine, 519.

The Commission found adversely on the petition of the employer. In effect the finding was, that the aggravating or accelerating of disability and the incapacity thereby produced, continued in varying compensable degrees, as the immediate or proximate cause of the accident, from and after the time of the withholding of compensation until the claimant died. It was the employee herself who showed that for some of the time her resulting incapacity had been but partial. And of that, on the commissioner's finding and conclusion, the employer had the benefit.

What would have been Miss Healey's condition had she never been injured, and whether but for the accident she would not still be alive, the commissioner said were questions to which the record did not indicate satisfactory answers. He might have added that he was called on only to decide whether the petitioner had successfully proved what it undertook to show. And the decision was that it had not. That decision must be upheld.

> *Appeal dismissed with costs.*
> *Decree affirmed.*