COMER'S CASE.

Penobscot.     Opinion December 13, 1932.

*Arthur L. Thayer*, for petitioner.
*Woodman, Skelton, Thompson & Chapman*, for respondent.

SITTING: PATTANGALL, C. J., STURGIS, BARNES, THAXTER, JJ.
PHILBROOK, A. R. J.

PATTANGALL, C. J.   Appeal from decree by a Justice of the Superior Court, confirming decree of the Industrial Accident Commission denying compensation.

On November 15, 1929, petitioner filed a claim for compensation for a personal injury alleged to have been sustained by him on the preceding day. Compensation was awarded on the ground that, although petitioner was, at the time of the accident and had been for some time prior thereto, suffering from a progressive disease of the heart, that condition was aggravated by physical exertion in the ordinary course of his work and that his collapse on the date alleged was caused by that exertion. The employer appealed and the decree was sustained by this Court. *Comer's Case*, 130 Me., 373, 156 A., 516.

On October 28, 1931, the employer brought a petition for review of incapacity; and on November 27, 1931, after hearing, the Commission found that it was "beyond question that Mr. Comer

was suffering from a progressive heart disease prior to his collapse on November 14, 1929. It is undisputed that he is still incapacitated to a great extent; the probability being that he is still totally incapacitated from earning. . . . We are forced to the conclusion that Mr. Comer's incapacity, attributable to his said injury, did not extend beyond November 4, 1931."

From this decree no appeal was taken, but on December 19, 1931, a petition for further award of compensation was filed, in which the following allegations appear: "My regular wages were paid me to August 23rd, 1930, and I have received compensation from that date to November 4th, 1931, since which time I have been unable to resume any remunerative form of occupation due to the injuries received as alleged. This petition is for compensation because of incapacity to work since Nov. 4th, 1931."

Respondent's answer denied the allegations contained in the petition and set up the further claim that the questions of fact involved therein had been decided in the review proceedings referred to above and were *res adjudicata.*

Hearing was had and a decree adverse to petitioner resulted. It is from that decree that the appeal now before us was taken.

The decree was apparently based upon three propositions: first, that the findings of fact in the review proceedings were *res adjudicata*; second, that any incapacity, total or partial, resulting from the injury, ceased as of November 4, 1931, and any incapacity suffered since that date was due to causes not attributable directly or indirectly to said injury; and third, that petitioner did not sustain the burden of proving any recurring incapacity as caused by the original injury. If the Commission's view concerning the first point is correct, or if the record contains evidence sufficient to support the other findings, the decree must stand.

Notwithstanding the petition before us is entitled "A Petition for Further Compensation," it rests squarely upon the proposition that the Commission erred in the findings of fact upon which it based its decree of November 27, 1931, from which no appeal was taken and against which review would not lie at the time these proceedings were instituted. It is claimed that the instant petition is authorized by the following provision contained in Sec. 37, Chap.

55, R. S. 1930: "If after compensation has been discontinued by decree or approved settlement receipt as provided by section forty-three hereof, additional compensation is claimed by an employee for further period of incapacity, he may file with the Commission a Petition for Further Compensation setting forth his claim therefor; hearing upon which shall be held by a single commissioner."

But this paragraph does not authorize review proceedings. They are provided for in the earlier portion of the same section: "While compensation is being paid under any agreement, award or decree, the incapacity of the injured employee due to the injury may from time to time be reviewed by a single commissioner upon the petition of either party upon the grounds that such incapacity has subsequently increased, diminished or ended. Upon such review the commissioner may increase, diminish or discontinue such compensation in accordance with the facts, as the justice of the case may require."

In *Conner's Case*, 121 Me., 37, 115 A., 520, it was decided that the Commission had no authority, statutory or inherent, to grant a rehearing on the merits of a case because of newly discovered evidence; and in Healey's Case, 124 Me., 56, 126 A., 21, 22, the Court approved the doctrine that "whether established correctly on general principles or not, so long as the facts on which the awarding of compensation was predicated continue to be the facts in the case, so long did that which was established continue to be the law of the case." It follows, of course, that the same reasoning and the same rule apply where compensation has been denied.

The statutory provision relied upon by petitioner was enacted after these cases were decided, but we do not think their authority is impaired by it. It may properly be invoked in cases where disability appears to have ended and the case finally closed if the injured employee suffers a recurrence of his former troubles traceable to the original injury or in cases where it is discovered that compensatory injury exists which, at the time final decree was entered, was unknown and therefore was not considered by the Commission.

Nothing of the kind appears here. The controversy is as to whether or not the findings of fact by the Commission evidenced

by the decree of November 27, 1931, were warranted. The facts in issue had been once and finally adjudicated. The ruling of the Commission in that respect must stand. There is sound basis also for the further conclusion that petitioner's incapacity after November 4, 1931, was unrelated to the accident for the results of which he received compensation under the original award. No claim is made that recurring incapacity was shown.

*Appeal dismissed.*