Joseph ST. AMAND

v.

EDWARDS MANUFACTURING CO.,
INC. and/or Insurance Company of
North America.

Supreme Judicial Court of Maine.

May 24, 1978.

Richard A. Foley, Augusta (orally), for plaintiff.

Robert L. Hazard (orally), Ronald D. Russell, Richardson, Hildreth, Tyler & Troubh, Portland, for defendant.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

While working for appellee Edwards Manufacturing Co., on September 20, 1974, appellant St. Amand suffered a ruptured disc in his back which necessitated an operation to remove the disc material. Appellant brought a petition seeking workmen's compensation. By decree dated December 30, 1975, the Industrial Accident Commission awarded compensation, deciding that "petitioner was totally disabled September 20, 1974 to February 3, 1975 inclusive." The commissioner found that after petitioner was examined by his doctor on February 3, 1975,

"He was advised to return to work with minimal limitation—not to lift anything in excess of 100 pounds. The commission finds this limitation is negligible and nondisabling. If he is unable to secure employment within this limitation, a Petition for Further Compensation may be filed for determination."

On February 12, 1976, appellant filed a petition for further compensation. At the hearing appellant adduced no evidence of a deteriorated physical condition. Rather, he testified at length about his unsuccessful

efforts to find work. The record indicates that he was a laborer with an eighth-grade education. The commissioner dismissed the February 12, 1976, petition on the ground that the prior order had found no continuing incapacity and no medical evidence had been offered to show that appellant's condition had changed.

St. Amand appeals from that dismissal and asserts that the December 30, 1975, order was a finding that he has a continuing partial incapacity. He contends that the commissioner should have considered his evidence, which tended to prove that no work commensurate with his limited capacity and ability was available in or near his community. If the 1975 order was a finding of partial incapacity then a finding in appellant's favor on the issue of availability of appropriate work could result in an award for total incapacity under the rule of *Bowen v. Maplewood Packing Co.*, Me., 366 A.2d 1116 (1976).

The Commission's order of December 30, 1975, constituted a finding of partial disability. The findings state that appellant's condition precluded him from lifting weights in excess of one hundred pounds. They reveal also that appellant could no longer perform his old job because that job required heavy lifting. At bottom, the order amounted to a finding that he could no longer fully perform the work he was trained to do.

The commission's December 30, 1975, order stated that appellant would be entitled to petition for benefits if he was unable to secure employment within his limitation in lifting weights. Apparently the commissioner was suggesting that since appellant's incapacity, though minor, had been established, he could seek disability under the rule of *Bowen v. Maplewood Packing Co., supra.* Appellant had to rely on this apparent meaning in deciding whether to appeal the 1975 order or lose the opportunity to challenge it. *See Comer v. Standard Oil Co.*, 131 Me. 386, 163 A. 269 (1932). The commissioner indicated that the limitation appeared to be "negligible." That characterization suggests that the commissioner thought the limitation would not affect appellant's employment prospects, but the commissioner had not been presented in 1975 with evidence relating to appellant's ability to obtain employment within his limitations. We conclude that the commission's December, 1975, order was a finding of some incapacity.

The commissioner dismissed the February 12, 1976, petition without considering the question of appellant's alleged total incapacity that might result from unavailability of work caused by his incapacity. The decision dismissing the petition is reversed and the case remanded for determination of that question.

The entry is:

Appeal sustained.

Pro forma judgment of the Superior Court vacated.

Remanded for further proceedings not inconsistent with this opinion.

It is further ordered that appellee pay to appellant $550 for his counsel fees, plus his actual reasonable expenses of this appeal.

POMEROY, J., did not sit.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ., concur.