Lucille G. MARQUIS

v.

KEYES FIBRE CO.

Supreme Judicial Court of Maine.

Argued March 4, 1981.

Decided April 8, 1981.

Burton G. Shiro Law Offices, Ronald L. Bishop, Pamela J. Ames (orally), Waterville, for plaintiff.

Richardson, Tyler & Troubh, S. Peter Mills, Jeffrey A. Thaler (orally), Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and CARTER, JJ.

CARTER, Justice.

■ The employee, Lucille Marquis, appeals from a pro forma decree of the Superior Court (Kennebec County), affirming the decision of the Workers' Compensation Commission which "sustained"[1] the

---

1. A decision merely "sustaining" the employer's petition for review of incapacity is not an appropriate determination; the Commission must specify what change is to be made in the compensation being paid. *Wilcox v. Stauffer Chemical Corp.*, Me., 423 A.2d 241 (1980). Here, the decision is adequate because it is evident from the Commission's findings that it was ordering compensation to be completely terminated.

employer's petition for review of incapacity, found that the employee's incapacity had ended, and terminated her compensation payments. We vacate the judgment and remand the case to the Commission.

The employer's petition stated that Marquis was receiving weekly compensation payments for total incapacity resulting from an injury on December 21, 1976. The record does not contain a copy or any mention of a Commission decree or a Commission-approved agreement awarding this compensation.[2] The transcript of the hearing on the petition indicates only that Marquis injured her right wrist in December 1976 and had surgery to fuse the wrist bones in February 1979. There is no indication of the date of, or the basis for, the original determination of total incapacity. Without that information, it is impossible to determine whether the employer met its burden of proving, by comparative medical evidence, that the employee's earning incapacity attributable to the work-related injury, had diminished or ended. *Haney v. Lane Construction Corp.*, Me., 422 A.2d 1292 (1980). The critical date for making the necessary comparison is the date of the Commission's decree awarding compensation or the date of execution of a Commission-approved compensation agreement. *Hafford v. Kelly*, Me., 421 A.2d 51 (1980).

■ Ordinarily, the employer must present medical evidence comparing the employee's current physical condition with her condition at the time of the earlier agreement. The requirement of comparative medical evidence can also be met, however, by "a showing that *after execution of the compensation agreement* the employee has undergone serious remedial surgery followed by a new medical appraisal of his or her condition." *Hamilton v. Dexter Shoe Co.*, 402 A.2d 854, 856 (1979) (emphasis added). Although there is evidence to show that Marquis did have remedial surgery and a subsequent medical appraisal, the employer also had the burden to show that the surgery occurred *after* the date of an approved agreement. Since the record on appeal contains no evidence of that date, we cannot conclude that the employer met its burden of proof.

Even if we were to assume that an approved agreement was executed prior to the remedial surgery, we would find that the Commission's decision is not supported by any evidence in the record.

Marquis and her treating physician, Dr. Pepe, were the only witnesses at the hearing on the employer's petition. Based on his examination in November 1979, Dr. Pepe testified that Marquis's wrist had reached a satisfactory "end result," but that the fusion had eliminated much of the motion in the wrist, and that Marquis was permanently impaired in the use of her hand. His opinion of her work capacity was that "she could return to work basically unrestricted aside from what I'd call extremely heavy use of the hand." He also stated that he would not recommend work requiring heavy lifting or constant use of the hand. Marquis testified that she no longer had constant pain, but did have much less strength and mobility in her hand, was unable to do many everyday tasks, and would be unable to return to the type of work she had previously done. She also reported her unsuccessful attempts to find a job after the surgery.

In order to conclude that Marquis was no longer entitled to any compensation, the Commission had to find that the effects of the work-related injury had completely ended. *Merriam v. James River Corp.*, Me., 425 A.2d 1317 (1981); *Hamilton v. Dexter Shoe Co.*, Me., 402 A.2d 854, 856 (1979); *McQuade v. Vahlsing Inc.*, Me., 377 A. 2d 469, 471 (1977). Even if the Commissioner did not believe the employee's own assessment of her limitations, the undisputed medical testimony indicates that

---

2. The parties have apparently proceeded on the assumption that there is an approved agreement. The employer represented, in its petition for review, that it was making payments "under an approved Agreement or Commission decree," and the employee has not challenged that representation. This case illustrates the danger of failing to provide the Law Court with a copy of the decree or approved agreement.

 

she continued to have physical disability and restrictions on her work capacity as a result of her injury. Therefore, even if the present record revealed the date of the determination of incapacity, it would not support the Commission's decision to completely terminate compensation.

In *Ibbitson v. Sheridan Corp.*, Me., 422 A.2d 1005 (1980), we clarified the proper allocation of the burdens of proof and production on an employer's petition for review of incapacity. If the employer establishes that the worker has regained some ability to perform a kind of work ordinarily available for remuneration in the competitive labor market of the worker's community, then the worker must come forward with evidence to show that he is nevertheless unable to obtain such work. If the worker does so, his compensation payments will not be reduced unless the employer meets its ultimate burden of proving that the effects of the work related injury are not causally related to the worker's inability to obtain work. *See Warren v. Vinalhaven Light & Power Co.*, Me., 424 A.2d 711 (1981).

In the case before us, the employer did produce some evidence to show that Marquis had regained some work capacity, and the worker produced some evidence of her efforts to find a job. Since the employer's evidence did not support a finding of completely unrestricted work capacity, the Commission should have evaluated the evidence in accordance with the burdens resting on the employer and the employee and should have made findings as to the percentage of Marquis's residual incapacity and the adequacy of her search for work. We remand this case to the Commission so that it may make these findings, on the basis of the evidence already presented by the parties, taking into account the date of the original determination of incapacity.

The entry is:

Appeal sustained.

Pro forma judgment vacated.

Remanded to Workers' Compensation Commission for further proceedings consistent with the opinion herein.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00 together with her reasonable out-of-pocket expenses for this appeal.

All concurring.