Clarence CANNING

v.

STATE of Maine[1].

Supreme Judicial Court of Maine.

Argued March 9, 1982.

Decided April 26, 1982.

identify the public employer in a workers' compensation case as the State of Maine, rather than the particular state agency in which the employee worked.

Harry N. Starbranch (orally), Augusta, for plaintiff.

Lore H. Ford, III, Legal Div., Maine Dept. of Transp. (orally), Augusta, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS and WATHEN, JJ., and DUFRESNE, A. R. J.

McKUSICK, Chief Justice.

In this appeal from a pro forma judgment of the Superior Court (Waldo County), employee Clarence Canning asks the Law Court to reverse the Workers' Compensation Commission's dismissal, on the ground of res judicata, of two petitions brought by him for further compensation. Finding no error in the commissioner's application of the principle of res judicata to the circumstances of this case, we deny the employee's appeal.

I.

On April 30, 1974, Canning was driving a truck for his employer, the State Department of Transportation, when the truck became stuck in loose gravel. While attempting to shovel the truck free, Canning experienced pain, shortness of breath, and pressure in his chest. He was hospitalized for a period and petitioned for compensa-

tion, describing his injury as "pain . . . and heart attack."

The commissioner received the opinions of two doctors who had examined Canning, Dr. Caswell and Dr. Knuuti. Dr. Caswell was of the opinion that Canning had a coronary insufficiency that predated his injury and that the preexisting coronary insufficiency resulted in an attack of angina induced by excessive exertion on April 30, 1974. Dr. Knuuti was also of the opinion that Canning had not had a myocardial infarction. He diagnosed Canning as suffering from diabetes, mild hypertension, and probable arteriosclerotic heart disease with angina. Dr. Knuuti did not relate Canning's chest pain to a heart condition, and he did not think that the exertion on April 30 aggravated Canning's condition.

After reviewing this evidence, the commissioner in his decree of December 4, 1974, said:

It is our conclusion based on the testimony that on April 30, 1974, Mr. Canning engaged in heavier exertion than his preexisting arteriosclerotic heart condition would sustain and chest pain (angina) resulted. These pain symptoms caused Mr. Canning to cease work that day and seek medical assistance. We think the disabling pain symptoms produced by the episode at work on April 30, 1974, totally disabled Mr. Canning during his hospitalization. Following that we believe the angina was related to an underlying arteriosclerotic heart disease not caused by the shoveling incident in April 1974, and not arising out of his employment.

Compensation for total disability for the period Mr. Canning was hospitalized in April and May 1974, is hereby ordered.

Both parties appealed the commissioner's order. The Law Court affirmed, saying:

Our review of the testimony of the two physicians convinces us that the commissioner was not clearly in error in concluding that the claimant's condition, after his release from the hospital, was the same as it had been before the injury and hence was not an incident of his employ-

ment. There was, moreover, no evidence suggesting that the deteriorated arterial condition itself was caused by the claimant's employment.

*Canning v. State Department of Transportation*, Me., 347 A.2d 605, 609 (1975).

## II.

After the Law Court's decision in the prior proceeding, employee Canning filed two successive petitions for further compensation, one in November, 1975,[2] and the second in October, 1978.[3] Those petitions, which were almost[4] word-for-word the same, were also based on the shoveling incident of April 30, 1974, and described the injury sustained on that date in terms identical to those of the original petition for compensation: "pain . . . and heart attack." The commission, acting through the same commissioner who had rendered the decree of December 4, 1974, in the prior proceeding, dismissed both petitions without a hearing, holding:

> The contentions raised by the petitions have been determined by decree dated December 4, 1974.

> The claim stated in the petitions is res adjudicata and the petitions are hereby dismissed for that reason.

The commissioner issued his final decision on July 23, 1981. At no time, either before or after the commissioner dismissed Canning's petitions, has he sought to amend. The employee has prosecuted a timely appeal to this court.

## III.

■ The commissioner correctly dismissed the employee's petitions for further compensation. Those petitions were an attempt by the employee to relitigate the question whether Canning had had a heart attack on April 30, 1974, a matter as to which the commission had already decided against him and this court on appeal had affirmed. The factual situation presented to us here is strikingly similar to that faced by the Law Court in *Comer's Case*, 131 Me. 386, 163 A. 269 (1932). There, as here, the employee suffered from a heart disease that was aggravated by heavy exertion in the course of his work. The commission awarded compensation, which it subsequently terminated on the ground that the employee's incapacity continuing thereafter was the result of his underlying condition, not the work injury. The employee then filed a petition for further compensation based on his continuing incapacity. In all these respects, the facts parallel those now before us. In *Comer's Case*, the commission dismissed the petition for further compensation after hearing, and the Law Court affirmed the dismissal, on the ground that the issues raised in it were res judicata by reason of the commission's original decision and could not be reopened. Expatiating on the relief available by means of a petition for further compensation, the court said:

> The statutory provision relied upon by petitioner [now 39 M.R.S.A. § 100, authorizing petitions for further compensation] . . . may properly be invoked in cases where disability appears to have ended and the case finally closed if the injured employee suffers a recurrence of his former troubles traceable to the original injury or in cases where it is discovered that compensatory injury exists which, at the time final decree was entered, was unknown and therefore was not considered by the Commission.

> Nothing of the kind appears here. The controversy is as to whether or not the

---

2. The first petition for further compensation was filed only five days after the Law Court's opinion in *Canning v. State Department of Transportation*, Me., 347 A.2d 605 (1975).

3. The second petition for further compensation was filed only three days after the date of defendant State's motion to dismiss the first petition for further compensation on the ground of res judicata.

4. The only addition made by the second petition was caused by a change (here of no consequence) made by the commission in its printed form petition to require a statement of the extent of compensation (*i.e.*, total, partial, or specific) that had previously been received and a statement of the extent of compensation sought by the current petition for further compensation.

findings of fact by the Commission evidenced by the decree of November 27, 1931, were warranted. The facts in issue had been once and finally adjudicated. The ruling of the Commission in that respect must stand.

131 Me. at 389–90, 163 A. at 270.

■ *Comer's Case* was no sport. On many occasions and in various contexts we have held that an issue once adjudicated before the Workers' Compensation Commission cannot be relitigated, even for consideration of new evidence.[5] *See Wood v. Cives Construction Corp.*, Me., 438 A.2d 905, 908 (1981); *Anania v. City of Portland*, Me., 394 A.2d 782, 784 (1978); *Johnson v. Kostis Fruit Co.*, Me., 281 A.2d 318 (1971); *Conners' Case*, 121 Me. 37, 115 A. 520 (1921). Specifically, a petition for further compensation or for review of compensation can be addressed only to a change of circumstances since the commissioner's prior decree was entered; it assumes that the prior decree was correct as to matters that it passed upon. *Anania v. City of Portland, supra* at 784; *Dufault v. Midland-Ross of Canada, Ltd.*, Me., 380 A.2d 200, 203–04 (1977). *See generally* 3 A. Larson, *Law of Workmen's Compensation* § 81.00 *et seq.* (1976). *Comer's Case* remains an accurate statement of the law governing petitions for further compensation, and it must govern the present case.

The employee argues that the case at bar is distinguishable from *Comer's Case*, because here the commissioner held no evidentiary hearing before dismissing the petitions. The employee points to 39 M.R.S.A. § 99 (Supp.1981), requiring a hearing where "there appear to be facts in dispute"; here there were facts in dispute, for the employer's answer denied that Canning had suffered a heart attack. The employee further urges that pleadings before the commission should not be held to a rigorous standard, the more so here since the employee was using a form petition promulgated by the commission pursuant to 39 M.R.S.A. § 92 (Supp.1981). The suggestion apparently is

that an evidentiary hearing might develop facts bringing the case at bar within the rule of *Devoe's Case*, 131 Me. 452, 163 A. 789 (1933). There the Law Court held that, where an employee suffers a disability as a result of an injury not known at the time of the original petition for compensation and not brought to the commissioner's attention at that time, he may reopen the original decision by means of a petition for further compensation. Because the hidden injury was never litigated, res judicata is no bar. *See also Mortimer v. Harry C. Crooker & Sons, Inc.*, Me., 404 A.2d 228, 231 (1979); *Lynch v. Jutras*, 136 Me. 18, 1 A.2d 221 (1938); *Comer's Case, supra* 131 Me. at 389, 163 A. at 270. Of course, if Canning's petitions had showed on their face any possibility that there were facts rendering the rule in *Devoe's Case* applicable, a hearing should have been held.

■ We agree that the standard to be applied to pleadings before the commission should not be a stringent one. The Workers' Compensation Act must always be liberally construed to achieve its beneficent purposes. *See* 39 M.R.S.A. § 92 (Supp. 1981); *Clark v. DeCoster Egg Farms*, Me., 421 A.2d 939, 942 (1980); *Levesque v. Levesque*, Me., 363 A.2d 951, 954 (1976). Nevertheless, the commission like any adjudicative body has a legitimate interest in bringing litigation before it to an eventual end, *see Conners' Case, supra* 131 Me. at 43–44, 115 A. at 523; and liberal though the standard of pleading must be, the commission may properly dismiss a case if the pleadings themselves, after ample opportunity to amend, still show as a matter of law that there is no cognizable issue.

The commissioner was correct in finding that the pleadings presented an issue that had been decided before and therefore could not be raised again. First, the allegations in the original petition for compensation and in the two petitions for further compensation were for all practical purposes identical. All three petitions described in similar narrative how Canning shoveled

---

**5.** Newly enacted in 1981, 39 M.R.S.A. § 99–C (Supp.1981) for the first time gives the commission limited authority to reopen decisions for consideration of new evidence.

around the wheels of the mired state truck; his chest pains; how he went to the hospital and was placed in the intensive care unit. All three petitions described the resulting injury as "pain as described above and heart attack." Plainly this was the injury that the employee was offering as the basis for further compensation. But in the original 1974 proceeding the commissioner had already decided that Canning had *not* suffered a heart attack in the work incident. The proposition that Canning's shoveling had caused a heart attack was laid before the commissioner in the 1974 petition for compensation, but he rejected it—presumably because in the medical view of the two doctors whose testimony was in evidence Canning's disabling pains were not the result of a heart attack. *See Canning v. State Department of Transportation, supra* at 606. The rule in *Devoe's Case* is therefore not applicable, and the later petitions demonstrated on their face, without need for a hearing, that the employee was attempting to relitigate a matter already decided. The employee confirms this point in his brief on appeal, saying that "there is new and later evidence that the angina in this case was merely a symptom of a subendocardial myocardial infarction." New evidence is not a ground for reopening a matter already decided. *Wood v. Cives Construction Corp., supra.*

Second, the very nature of the injury as found in 1974 by the commissioner temporally limited the disability flowing from it and consequently the compensation that the employee could obtain. The commissioner found that Canning was suffering from, not a heart attack, but a preexisting arteriosclerotic heart condition that was temporarily made more painful by the shoveling incident. *See Canning v. State Department of Transportation, supra* at 606–07. Though the pain caused by the shoveling incident totally disabled Canning during the period of his hospitalization, it subsequently subsided; chest pains thereafter were caused by the underlying condition and were not compensable for the reason that the under-

lying condition did not arise out of Canning's employment. If that 1974 decision was correct, as now we must assume it to have been, then Canning's present pains are not compensable unless they were caused by an injury not previously considered by the commission.

The petitions for further compensation were therefore properly dismissed; but it should be made clear that dismissal without hearing was appropriate here only because of the unusual factual background and the state of the pleadings. Ordinarily, we would expect a hearing to be held in any case in which there is a relevant factual dispute. Furthermore, even in the exceptional case such as this one in which dismissal on the pleadings is warranted, leave to amend the pleadings should be liberally granted. Such leave to amend would permit assertion that facts did exist that would activate the rule in *Devoe's Case, supra,* or provide some other basis for relief, but were not originally stated because counsel had relied upon a form pleading.[6] With those caveats, we hold that the commissioner correctly applied the principle of res judicata to the pleadings in the case at bar.

The entry is:

Pro forma judgment of the Superior Court affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.

---

6. The present petitioner has never sought to amend his petitions or even suggested any respect in which he could amend to avoid the application of the rule of res judicata.