Donald HAYFORD

v.

CHESEBROUGH–PONDS, INC. and Aetna Life and Casualty Company.

Supreme Judicial Court of Maine.

Argued Jan. 13, 1982.

Decided July 12, 1982.

Joseph M. O'Donnell (orally), Augusta, for plaintiff.

Norman & Hanson, Theodore H. Kirchner (orally), Portland, for defendant.

Before GODFREY, NICHOLS, ROBERTS CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The employee, Donald Hayford, appeals from a pro forma decree of the Superior Court (Kennebec County) reflecting a decision of the Workers' Compensation Commission [1], dated June 4, 1981, granting the employer, Chesebrough-Ponds, Inc., relief on the latter's petition for review.

In the employee's attempt three months earlier to appeal from a pro forma decree incorporating a Commission decision, dated February 27, 1981, to sustain the petition for review, we remanded the case to Superior Court for remand to the Workers' Compensation Commission to include in the decision a statement of the effect of its decision upon the payment of compensation to the employee. Upon such remand, noting its finding of October 2, 1980 [2], that the incapacity for which the employee was being compensated had ended, the Commission sustained the petition for review and ordered that compensation to the employee cease.

On April 3, 1980, Hayford had suffered a work-related injury to his back while employed by Chesebrough-Ponds, Inc. Beginning on April 4, 1980, Hayford received compensation for total incapacity pursuant to an agreement executed in April, 1980 [3] and approved by the Workers' Compensation Commission on June 19, 1980.

The employer and insurance carrier filed with the Workers' Compensation Commission a petition for review of incapacity dated July 3, 1980. A hearing thereon was commenced September 9, and completed on September 30, 1980. A report of Theodore Dela Cruz, M.D., a neurological surgeon, dated July 16, 1980, was submitted by the employer pursuant to 39 M.R.S.A. § 93(3). This surgeon had treated the employee during a two week period sometime between April 3, 1980, and June 6, 1980. After his June 6, 1980, follow-up examination of Hayford, Dr. Dela Cruz advised the employee to

1. This appeal is not affected by the employer-insurance carrier's June 25, 1981, motion for leave to correct under 39 M.R.S.A. § 99. Although the Superior Court purported to grant the motion on July 24, 1981, it had no jurisdiction to rule on the motion after the case was docketed in the Law Court on June 26, 1981. 39 M.R.S.A. § 99-A (1978), repealed by P.L. 1981, c. 199, and relocated at 39 M.R.S.A. § 99 (Supp.1981); M.R.Civ.P. 73(f). Furthermore, the record contains no Commission action on this motion.

2. The Commission's decision erroneously states this date as August 2, 1980. This Court may correct such a clerical error on its own initiative. M.R.Civ.P. 74(e). *See* Field, McKusick & Wroth, *Maine Civil Practice* § 74.7 (Supp. 1981).

3. Although the agreement for payment of compensation contains no date of execution, the attorneys on both sides stated at the September 9, 1980, hearing that the agreement was executed in the month of April, 1980.

return to work. At this time Dr. Dela Cruz found his patient's x-rays to be normal and learned from him that he was suffering no pain. Allan Stinchfield, M.D., an orthopedic surgeon, examined the employee on August 6, 1980. After learning of Hayford's medical history, reviewing previous x-rays, and examining the patient, it was Dr. Stinchfield's opinion that the employee had a chronic and acute back strain and that his work should not require lifting over twenty pounds or standing in one position for long periods.

The employee's appeal presents two questions: In granting the petition for review did the Commission (1) err as a matter of law in granting the employer relief where the employer did not prove the date of execution of the agreement and, hence, the employee's medical condition at that date, and (2) err in its factual finding of no physical disability at the time of the filing of the petition for review?

▮ In a petition for review of incapacity under 39 M.R.S.A. § 100 (1978) an employer has the burden of proving that the effects of a compensable injury have diminished or ended. *Smith v. Dexter Oil Company*, Me., 432 A.2d 438, 440 (1981). In situations where the employer seeks to prove that the effects of the employment-related injury on the employee's work capacity have diminished, medical evidence comparing the employee's physical condition at the time of the execution of the agreement and the petition for review is necessary unless the approved agreement establishes the nature and degree of the employee's physical disability as of the time of the execution of the agreement. *Deloge v. Forster Manufacturing Company, Inc.*, Me., 429 A.2d 1012, 1015 (1981)[4]. The requirement for comparative medical evidence assures that the determination in an approved agreement or Commission decree regarding the extent of incapacity attributable to the work-related injury at the date of the execution of the approved agreement or Commission decree remains a final adjudication. *Haney v. Lane Construction Corporation*, Me., 422 A.2d 1292, 1294 (1981). Where the employer fails to prove the date of the original determination of total incapacity, it is impossible to determine whether the employer proved a dimunition in the employee's work incapacity. *Marquis v. Keyes Fibre Co.*, Me., 428 A.2d 69, 70 (1981). The principal exceptions to the comparative medical evidence requirement are (1) where the employer in a petition for review seeks to prove that the worker no longer has any physical disability resulting from the employment-related injury, *Curtis v. Bridge Construction Corporation*, Me., 428 A.2d 62, 64–65 (1981); and (2) where the employer produces evidence "showing that after execution of the compensation agreement the employee has undergone serious remedial surgery followed by a new medical appraisal of his or her condition", *Hamilton v. Dexter Shoe Company*, Me., 402 A.2d 854, 856 (1979). In this case the employer sought to prove that Hayford's work incapacity had ended, rather than merely diminished.

▮ Where the employer seeks to prove that the effects of the compensable injury have ended, his failure to prove the date of execution of the approved agreement is not fatal. Any approved agreement must rest in part on physical disability resulting from a work-related injury. Therefore, proof of no physical disability at the time of the petition for review necessarily establishes that the employee's physical condition improved after the agreement was executed.

4. Where an employer seeks to prove that the effects of a compensable injury have diminished, comparative medical evidence is not always required on the first petition for review under the current version of 39 M.R.S.A. § 100 effective September 18, 1981, which ordains:

[E]vidence of the employee's medical condition at the time of an earlier determination or approved agreement is relevant only if it tends to prove the present degree of incapacity.

It is on subsequent petitions for review that the party prevailing on the initial petition for review must prove by comparative medical evidence a change in the employee's earning incapacity attributable to the work-related injury.

The employee's challenge in this case to the sufficiency of the evidence lacks merit. The Commission's determination that at the time of the petition for review the employee's work incapacity had ended is a finding of fact and remains conclusive if supported by competent evidence. *DeRoche v. Bangor Roofing and Sheet Metal Company*, Me., 411 A.2d 1026, 1027 (1980). Dr. Dela Cruz's statement of his opinion that the employee was able to return to work on June 6, 1980 was competent evidence to support the Commission's finding. The Commission's order that compensation should terminate is justified by its finding that the work incapacity had ended.

The entry, therefore, will be:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee $550.00 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.