Lenwood **DILLINGHAM**

v.

**ANDOVER WOOD PRODUCTS, INC. and Commercial Union Insurance Co.**

Supreme Judicial Court of Maine.

Argued June 18, 1984.

Decided Nov. 15, 1984.

McTeague, Higbee & Libner, G. William Higbee, Brunswick, Patrick McTeague (orally), for plaintiffs.

Wheeler, Arey & Kelleher, William Kelleher (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Andover Wood Products, Inc., and its insurance carrier appeal from a decision of the Workers' Compensation Commission, Appellate Division, affirming an award of compensation made by the Commission in response to a petition for review filed by Lenwood Dillingham. On appeal, Andover Wood Products and its insurance carrier contend, *inter alia,* that there was insufficient evidence to support the restoration of compensation and that the award should have been barred by the doctrine of *res judicata.* We conclude that both the restoration of compensation and the decision affirming that restoration by the Appellate Division involved a misapplication of the statute governing petitions for review, 39 M.R.S.A. § 100 (Supp.1983). Accordingly, we reverse the decision of the Appellate Division.

Lenwood Dillingham was employed as a laborer for Andover Wood Products, Inc., of Andover. On or about the 22nd of May, 1981, Dillingham slipped on a piece of wood while at work, incurring an injury to his lower back. He subsequently filed a petition for compensation with the Workers' Compensation Commission, and, following a hearing, a single Commissioner awarded him compensation based on total incapacity from June 17 to July 30, 1981, and on partial incapacity from July 31 to August 25, 1981. The Commissioner ruled that Dillingham had "failed to establish by a preponderance of the evidence a causal connection between his continuing subjective complaints of pain after August 25, 1981 and his work incident of May 22, 1981," and that "[t]he employee has not engaged in a reasonable search for suitable work."

■ A short time later, Dillingham filed a petition for review, seeking restoration of compensation based on total incapacity from August 25, 1981. In their answer,

Andover Wood Products and its insurance carrier raised the affirmative defense of *res judicata.* Following a hearing, a second Commissioner restored compensation based on total incapacity from June 28, 1982 (the date of the initial award) through the present. In his ruling, the Commissioner stated that he was "completely aware of a prior Commission decision" in this matter, but noted that his ruling was based on "different evidence of causal relationship and disability." The Appellate Division subsequently affirmed the restoration of compensation in a Memorandum of Decision, without reaching the issue of preclusion advanced by the appellants.[1]

■ Since the inception of the Workers' Compensation law in Maine, *see* P.L. 1915, ch. 295, §§ 1–51 (codified at R.S. ch. 50, §§ 1–48 (1916)), this Court has consistently held that a petition for further compensation must address a change in the petitioner's circumstances, and that such a petition assumes that any prior decree was correct as to issues specifically ruled upon, *see Canning v. State,* 444 A.2d 387, 390 (Me. 1982); *Dufault v. Midland-Ross of Canada, Ltd.,* 380 A.2d 200, 203 (Me.1977); *Comer's Case,* 131 Me. 386, 389, 163 A. 269, 270 (1932); *Healey's Case,* 124 Me. 54, 56, 126 A. 21, 22 (1924). It is equally well established that a matter ruled upon in a prior decree will not be relitigated simply because of newly discovered evidence,[2] *see Canning,* 444 A.2d at 390; *Wood v. Cives Construction Corp.,* 438 A.2d 905, 908 (Me.1981); *Comer's Case,* 131 Me. at 389, 163 A. at 270; *Conner's Case,* 121 Me. 37, 39, 115 A. 520, 521 (1921). Of course, an employee may petition for compensation

for a previously undiscovered injury that was, consequently, not ruled upon in a prior decree, *see Canning,* 444 A.2d at 390; *Devoe's Case,* 131 Me. 452, 454–55, 163 A. 789, 790 (1933). No such injury is alleged in the case before us, however.

By P.L.1981, ch. 514, § 4 (effective Sept. 18, 1981), the legislature repealed and replaced the previous section 100 of Title 39, governing petitions for review of incapacity, with a new section 100. 39 M.R.S.A. § 100 now provides that

[u]pon the petition of either party, a single commissioner shall review any compensation payment scheme required by this Act for the purposes of ordering the following relief, as the justice of the case may require: ... Increase, decrease, restoration or discontinuance of compensation .... The basis for granting relief under this section is as follows .... On the first petition for review brought by a party to an action, the commissioner shall determine the appropriate relief, if any, under this section by determining the employee's present degree of incapacity .... For purposes of a first petition brought under this section, evidence of the employee's medical condition at the time of an earlier determination ... is relevant only if it tends to prove the present degree of incapacity .... Once a party has sought and obtained a determination under this section, it is the burden of that party in all proceedings on his subsequent petitions under this section to prove by comparative medical evidence that the employee's earning incapacity attributable to the work-related

---

1. We note that the Appellate Division made no mention of this issue in its decision. However, the defense of *res judicata* was raised by the respondents in their answer to the petition for further compensation, which was part of the record available to the Appellate Division. Moreover, no one on appeal has argued that the preclusion issue was not before the Division. Given the posture of this case, we feel that a disposition by way of Memorandum of Decision was an inadequate response to the issues raised herein.

2. By statutory enactment, the legislature has recently generated an exception for "newly discovered evidence which by due diligence could not have been discovered prior to the time the [initial] payment scheme was initiated or prior to the hearing on which the award or decree was based." 39 M.R.S.A. § 99–C (Supp.1983). No such discovery was alleged or proven in the case at bar.

injury has changed since that determination.

39 M.R.S.A. § 100(1)(A) & (2) (Supp.1983). It is the appellee's position that this provision affords a single, "wide open" opportunity to relitigate any and all issues bearing upon incapacity that were addressed in a prior decree. We do not believe, however, that the legislature, by this enactment, intended to provide each petitioner with a hearing *de novo* on all issues previously litigated. At most, the 1981 revision of § 100 affects the burden of proving a change in earning incapacity on a party's first petition for review.

■ Under the previous statute, a petitioner had to submit comparative medical evidence tending to show a change in the degree of incapacity before a compensation payment scheme would be increased or diminished. *See Madore v. Bangor Roof & Sheet Metal Co.*, 428 A.2d 1184, 1188 (Me. 1981); *Marquis v. Keyes Fibre Co.*, 428 A.2d 69, 70 (Me.1981); *Hafford v. Kelly*, 421 A.2d 51, 53 (Me.1980); *Nelson v. Town of East Millinocket*, 402 A.2d 466, 468 (Me. 1979). This requirement was seen as assuring that a prior Commission determination of the degree of incapacity would remain a final adjudication, *Hayford v. Chesebrough-Ponds, Inc.*, 447 A.2d 480, 482 (Me.1982) (citing *Haney v. Lane Construction Corp.*, 422 A.2d 1292, 1294 (Me.1981)).

■ Under the new statutory scheme, the evidentiary burden upon first-time petitioners for review has been eased. Nevertheless, we do not construe the evidentiary provisions contained in section 100 as affording a hearing *de novo* to the petitioner on the previously decided issue of causation. We find nothing in the statutory language that would cause us to alter our view, expressed in *Canning*, that

> the commission like any adjudicative body has a legitimate interest in bringing litigation before it to an eventual end, and liberal though the standard of pleading must be, the commission may properly dismiss a case if the pleadings themselves, after ample opportunity to amend, still show as a matter of law that there is no cognizable issue.

444 A.2d at 390 (citation omitted).

■ In the case before us, Lenwood Dillingham applied for and received an award of compensation for injuries incurred while working for the respondent, Andover Wood Products, Inc. The award of compensation was based, in part, on a finding that the employee's incapacity "continued until August 25, 1981," but that "[t]he employee failed to establish by a preponderance of the evidence a causal connection between his continuing subjective complaints of pain after August 25, 1981 and his work incident of May 22, 1981." His subsequent petition for review alleged no change in his circumstances, but once again he sought compensation for the same continuing subjective complaints of pain and on that basis alleged total incapacity after August 25, 1981. The issue whether those same continuing subjective complaints of pain had any causal connection to his work incident of May 22, 1981 had already been decided adversely to him in the previous proceeding, and was therefore *res judicata*. The prior adjudication that the complaints after August 25, 1981 were not causally related to the work incident of May 25, 1981 required the Commission to deny Dillingham's petition for review.

The entry is:

Judgment reversed.

Remanded to the Appellate Division for entry of judgment remanding the case to the Commission with directions to deny the petition for review.

McKUSICK, C.J., and NICHOLS, ROBERTS and WATHEN, JJ., concurring.

GLASSMAN, Justice, dissenting.

I respectfully dissent because I believe the issue here cannot be dismissed as *res judicata*. As the court notes, under 39

M.R.S.A. § 100,[1] prior to its amendment in 1981, a petitioner had to submit comparative medical evidence showing a change in the degree of incapacity after the date of the Commission's original decision or date of the execution of the agreement between the parties approved by the Commission before a compensation payment scheme would be increased, diminished, restored, or discontinued. Under the new statutory scheme a petitioner, whether employer or employee, need only produce such evidence as will support the factual finding of the Commission as to the *present* degree of incapacity of the employee. I agree that the new section 100 does not provide a petitioner with a hearing *de novo* on all issues previously litigated. However, the present statute not only allows but, indeed, requires the Commission to review upon petition of either party the "employee's present degree of incapacity" due to an established work-related injury.

In the case before us, Lenwood Dillingham applied for, and received, an award of compensation for injuries incurred working for Andover Wood Products, Inc. For the reasons expressed in *Canning*, both the initial finding of a work-related injury and the finding of the degree of incapacity prior to June 28, 1982, are *res judicata.* *Canning*, 444 A.2d at 390. Dillingham's petition for review, however, differs significantly from the petition rejected in *Canning*.

In the original *Canning* proceeding, the Commissioner decided Canning had *not* suffered a heart attack in a work incident. The Commissioner initially found that Canning suffered from a pre-existing arteriosclerotic heart condition that was temporarily made more painful by the work injury. *Id.* at 391. The Commissioner found further that though the pain caused by the work incident totally disabled Canning during the period of his hospitalization, it subsequently subsided. Chest pains thereafter were caused by the underlying condition. The recurring pain was not compensable because the underlying condition did not arise out of Canning's employment. *Id.*

In the instant case, the original, final determination of the Commission was that Dillingham suffered a work-connected lower back injury. There has been no attempt to relitigate that issue, nor the issue of his work incapacity prior to June 28, 1982, as a result of that injury. Unquestionably, Dillingham's incapacity resulting from his work injury prior to June 28, 1982, had been finally determined. The issue properly addressed and determined by the Commission upon Dillingham's first petition for review was his *present* work incapacity, if any, since June 28, 1982, which resulted from his work injury. Furthermore, the record reflects ample, competent evidentiary support for the Commission's determination that Dillingham has a present total incapacity.

1. 39 M.R.S.A. § 100(1) & (2) (Supp.1983) reads in pertinent part:
    1. Relief available. Upon the petition of either party, a single commissioner shall review any compensation payment scheme required by this Act for the purposes of ordering the following relief, as the justice of the case may require:
        A. Increase, decrease, restoration or discontinuance of compensation; or
        B. Extension, reduction, restoration or discontinuance of vocational rehabilitation.
    2. Standard for review. The basis for granting relief under this section is as follows:
        A. On the first petition for review brought by a party to an action, the commissioner shall determine the appropriate relief, if any, under this section by determining the employee's present degree of incapacity or need of vocational rehabilitation. For purposes of a first petition brought under this section, evidence of the employee's medical condition at the time of an earlier determination or approved agreement is relevant only if it tends to prove the present degree of incapacity.
        B. Once a party has sought and obtained a determination under this section, it is the burden of that party in all proceedings on his subsequent petitions under this section to prove by comparative medical evidence that the employee's earning incapacity attributable to the work-related injury has changed since that determination.

The court's discussion of Dillingham's petition for review appears to assume it is being brought under subsection (2)(B). Subsection (2)(A) provides the proper standard for review.

At the hearing, the Commission found a causal connection between Dillingham's current back pain and his work-related back injury of May 21, 1981. The Commission based its finding "on the extremely credible testimony of Mr. Dillingham" and on the medical testimony of a Dr. Greenleaf. The Commission found that "Lenwood Dillingham is totally incapacitated and unemployable from June 28, 1982 to the present ... due to the back injury of May 21, 1981." Additionally, it is worth noting precisely the following facts:

> Mr. Dillingham is 38 years old, has an eighth grade education and lives with his parents in West Sumner, 19 miles from South Paris. It is apparent ... from his testimony at the hearing that Mr. Dillingham was in obvious and not exaggerated back pain and agony throughout his testimony. The Commission finds also that Mr. Dillingham had difficulty understanding simple questions ... and demonstrated a very limited vocabulary. Stated charitably, Mr. Dillingham would probably have difficulty performing even simple mental tasks. Given Mr. Dillingham's work experience doing heavy unskilled work in the woods and saw mills of western Maine ... the employee has no vocational assets for employment, now that his back pain prevents heavy lifting and bending. Sedentary physical work capacity is irrelevant considering the employee's limited qualifications.

From these facts the Commission reached its conclusion that Dillingham was entitled to total compensation from June 28, 1982 to the present. Significantly, this first petition for review sought a determination of his earning incapacity resulting from his previously adjudicated work-connected injury. Moreover, he made no claim for weekly compensation prior to June 28, 1982, the date of the earlier decision. Clearly he could not get a redetermination of his earning incapacity for that period. The time period covered in the Commission's decision on the petition for review—from June 28,

1982, to the present—in no way infringed upon the Commission's prior decision and the final adjudication of all issues in the case up to the date of that decision.

Nothing in the language of this statute as interpreted by the Commission is contrary to the legislative intent. We stated in *Kelley v. Halperin*, 390 A.2d 1078, 1080 (Me.1978), that "the construction of a statute utilized by those whose duty it is to make the statute operative is entitled to great deference by a court when called upon to construe the statute." By failing to affirm the Commission, our court ignores its own sound advice. In this case, as in *Dunton v. Eastern Fine Paper Co.*, 423 A.2d 512, 518 (Me.1980), we have no role but to determine "whether there is competent evidence to support the Commissioner's findings." Clearly, such evidence exists here.

*Res judicata* is no bar to a first petition founded on a work-related present incapacity. Because this proceeding determined a present incapacity resulting from a previously identified work-related injury, because the evidence sufficiently supported the finding of incapacity and the award of further compensation, and because the Commission's ruling did not address issues which had already been authoritatively and finally settled, I would affirm the compensation award.