Aquila BUSHEY

v.

**S.D. WARREN COMPANY.**

Supreme Judicial Court of Maine.

Argued May 12, 1994.

Decided June 7, 1994.

James J. MacAdam (orally), McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for plaintiff.

Daniel F. Gilligan (orally), Anne H. Cressey, Richardson & Troubh, Portland, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

RUDMAN, Justice.

S.D. Warren Company ("S.D. Warren") appeals from a Workers' Compensation Board decision denying its petition for review. Because we conclude that the Board's findings of fact are inadequate for appellate review, we vacate its decision and remand the pending petition for further findings of fact.

Aquila Bushey suffered a non-compensable burn-injury to his right shin in 1978. In 1982, Bushey suffered a compensable injury when he struck his shin at work, reopening the prior burn. In 1984, Bushey was forced to retire at the age of 58, pursuant to a collective bargaining agreement that mandated early retirement after a twelve-month absence from work. On July 26, 1984, the Workers' Compensation Commission awarded Bushey ongoing total incapacity benefits. *See Aquila Bushey v. S.D. Warren Co.*, No. 85–151 (Me.W.C.C.App.Div. Oct. 9, 1985).

On May 19, 1992, S.D. Warren filed its first petition for review. The Workers' Compensation Board denied the petition on June 24, 1993. S.D. Warren moved for findings of fact and conclusions of law but that motion was denied.

■■■■ When a hearing officer denies a motion for findings of fact "we review only 'the factual findings actually made....'" *Rudolph Carroll v. Celsius Contractors*, 637 A.2d 111, 112 (Me.1994), (quoting *Ladner v. Mason Mitchell Trucking Co.*, 434 A.2d 37, 40 (Me.1981)).[1] The decision of the Board states that "[s]ince Bushey both attained maximum medical improvement and retired before the last decision in this case, there has been no change in either his physical or his economic circumstances since that time." The Board made no findings regarding Bushey's current incapacity other than an assertion that Bushey attained maximum medical improvement in 1984. We hold that a finding that the employee previously attained "maximum medical improvement" is not adequate to support a determination of current incapacity. Maximum medical improvement is a term of art that has relevance with regard to permanent impairment.[2] Permanent impairment and incapacity are separate and distinct concepts; a finding of permanent impairment does not preclude a finding of work-capacity. *See Bean v. H.E. Sargent Inc.*, 541 A.2d 944, 946 (Me.1988); *Campbell v. Bates Fabrics, Inc.*, 422 A.2d 1014, 1015 (Me.1980); *Delorge v. NKL Tanning, Inc.*, 578 A.2d 1173, 1174 (Me.1990). Maximum medical improvement is a forecast that an employee will not regain physical function based upon "reasonable medical *probability*." 39 M.R.S.A. § 2(14) (1989), *repealed and replaced by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993), *codified as* 39–A M.R.S.A. § 102(15) (Supp.1993) (emphasis added).[3] Although a finding of maximum medical improvement may be conclusive for purposes of analyzing permanent impairment, such a finding will not preclude an adjudicative body from determining that the employee has regained work-capacity at a later date.

The Board erroneously interprets the effect of the July 1984 commission decree finding that Bushey reached a point of maximum medical improvement as of January 1, 1984 by relying on *Dillingham v. Andover Wood Prods., Inc.*, 483 A.2d 1232 (Me.1984), for the proposition that "[i]f there is no change of circumstance, the petition for review must be denied." *Dillingham* is distinguishable because it holds that the petitioning party may not relitigate the issue of *causation* during

---

1. Former Title 39 has been repealed and replaced by Title 39–A. *Maine Workers' Compensation Act of 1992*, P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993). Because the proceeding was pending on the effective date of Title 39–A, however, this appeal is governed exclusively by former Title 39 and does not implicate the new Act. *Riley v. Bath Iron Works*, 639 A.2d 626, 627 (Me.1994).

2. Section 2(15) of Title 39 defines "permanent impairment" as "any anatomic or functional abnormality or loss existing after the date of maximum medical improvement which results from the injury." 39 M.R.S.A. § 2(15) (1987), repealed by P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993). *See also* 39 M.R.S.A. Section 56–B(4)

(1987), *repealed by* P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993) (providing that petitions for permanent impairment must be filed after the attainment of "maximum medical improvement").

3. The term, "maximum medical improvement," is defined as "the date after which further recovery and further restoration of function can no longer be reasonably anticipated, based upon reasonable medical probability." 39 M.R.S.A. § 2(14) (1989), *repealed and replaced by* P.L. 1991, ch. 885, § A–7 (effective Jan. 1, 1993), *codified as* 39–A M.R.S.A. § 102(15) (Supp.1993).

the *same time period* litigated in a prior decree. S.D. Warren does not dispute that Bushey's symptoms are causally related to the prior injury. S.D. Warren argues that Bushey is no longer totally incapacitated by that injury. The petitioning party may prevail on a *first* petition for review, such as this, by showing the employee's *present* level of incapacity, without the need to show changed circumstances. 39 M.R.S.A. § 100.

Because the Board issued inadequate findings of fact and conclusions of law in response to S.D. Warren's motion, we vacate the decision and remand for further proceedings. *Gallant v. Boise Cascade Paper Group,* 427 A.2d 976, 978 (Me.1981); *Smith v. Young Women's Christian Assoc.,* 438 A.2d 1276, 1278 (Me.1982). We do not reach the other issues raised in this appeal. On remand, the Board must either specify the facts that support its conclusion that Bushey remains totally incapacitated or reconsider the denial of S.D. Warren's petition for review.

The entry is:

Decision of the Worker's Compensation Board vacated. Remanded for further proceedings consistent with the opinion herein.

GLASSMAN and DANA, JJ., concurring.

WATHEN, Chief Justice, with whom CLIFFORD, Justice, joins, dissenting.

I respectfully dissent. Although the hearing officer used the phrase "maximum medical improvement," he did so in the course of adopting a fact from a portion of the report of the medical examiner retained by the employer. The report could reasonably be understood as suggesting that the employee achieved an end result medically in 1984. I find no reason to assume that the doctor used the phrase in a restricted sense as a legal term of art, and in fact the hearing officer rejected that argument in denying the employee's proposed findings of fact. When read in accord with its common sense meaning, the record in this case supports the decision. I would affirm.